In the Matter of Nelda **CUMMINGS**.

No. 13–98–453–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 17, 2000.

Katharine Henkel, Carl Lewis, County Atty., Corpus Christi, for appellant.

John A. Rank, III, Law Offices of John A. Rank, III, Corpus Christi, for appellee.

Before Chief Justice SEERDEN and Justice DORSEY and CHAVEZ.

## OPINION

Opinion by Justice CHAVEZ.

Nelda Cummings appeals from a protective order that was entered against her on an application by her ex-husband, Gregory Cummings. She argues that she was not given notice of the hearing on the application for the protective order against her, the evidence supporting the protective order was legally and factually insufficient, and that the trial court erred in denying her motion for a protective order against Gregory. We affirm the order of the trial court.

Nelda and Gregory Cummings divorced in 1993, and were originally named joint managing conservators of their two children. In 1996 the joint managing conservatorship was modified and Gregory Cummings was named sole managing conservator, with Nelda retaining visitation rights. On May 8, 1998, the children were playing in the backyard of Nelda's house when she sent one of the children into the house for "time-out." While inside, the child called Gregory and asked Gregory to come pick him up. Gregory came, placed the child in the van, and informed Nelda that he was taking the child. A struggle ensued between Nelda and Gregory, and both Nelda and Gregory eventually filed for protective orders against each other based on the events of that struggle.

### Jurisdiction

The first issue we must consider on appeal is whether we have jurisdiction. We have jurisdiction over an appeal of a final judgment. *North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). A final judgment is one which disposes of all issues and parties to the case. *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985). Thus, "if a permanent injunction disposes of all issues and parties it is a final, appealable judgment." *James v. Hubbard,* 985 S.W.2d 516, 517 (Tex. App.—San Antonio 1998, no pet.). An in-

junction is permanent in its nature if "the duration of the injunctive relief granted does not depend on any further order of the court. . . ." *Id.*(quoting *Aloe Vera of Am., Inc. v. CIC Cosmetics Int'l Corp.*, 517 S.W.2d 433, 435 (Tex.Civ.App.—Dallas 1974, no writ)). Mere designation will not, in and of itself, determine the nature of an injunction; rather, we must examine the character and function of the order to determine its nature. *Id.; see also In re Johnson*, 961 S.W.2d 478, 480 n. 1 (Tex. App.—Corpus Christi 1997, no writ)(citing *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex.1992)).

■ The Fourth Court of Appeals has recently held that a protective order is one whose "duration does not depend upon further action by the trial court" and, therefore, is "final" for purposes of appellate jurisdiction. *James*, 985 S.W.2d at 518. The protective order before us disposes of all the issues between the parties. Regardless of the fact that the trial court retains some power to modify the order, we believe that the order is final and, therefore, appealable.[1]

### Mootness

■ The protective order that is the subject of this appeal has expired. At oral argument, both parties addressed the question of whether this appeal is moot, and urged us to hold that it is not. Texas courts have recognized two exceptions to the mootness doctrine: (1) the "capability of repetition yet evading review" exception; and, (2) the "collateral consequences" exception. *General Land Office of State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex.1990). The "capable of repetition

yet evading review" exception is applied where the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot. *Id.* The "collateral consequences" exception has been applied when Texas courts have recognized that prejudicial events have occurred whose effects continued to stigmatize individuals long after the judgment[2] has ceased to operate. *Id.*

■ The mootness scenario before us, where a one-year protective order has expired before an appellate opinion can be rendered, is indeed capable of repetition yet evading review. Furthermore, being the subject of a protective order does carry a stigma. Not only does a protective order carry a social stigma, but there are also legal repercussions. For example, The Texas Family Code requires a court to consider the commission of family violence in determining child custody arrangements. *See* Tex. FAM.CODE ANN. § 153.004 (Vernon Supp.2000). We agree that the present appeal is not barred by mootness.

### Notice

Nelda contends that the trial court's order must be reversed because she did not receive sufficient notice of the hearing on Gregory's motion. Nelda filed for a protective order against Gregory on May 20, 1998, and a hearing was set for June 2. This hearing did not occur. Gregory filed a general denial to Nelda's application and filed for a protective order against Nelda on June 10, 1998. Gregory set a hearing on his motion for June 15, but Nelda asked for and received a continuance.[3] Nelda

---

1. This court has reached the same conclusion with regard to the same issue in cause number 13–99–525–CV, *Striedel v. Striedel.*

2. The *OXY* case used the phrase "long after the *unconstitutional* judgment has ceased to operate." (emphasis added). However, the doctrine does not appear to be limited to circumstances where the judgment was challenged on the basis of constitutional error. *OXY* relies on *State v. Lodge,* 608 S.W.2d 910,

912 (Tex.1980), which relies on *Carrillo v. State,* 480 S.W.2d 612, 616–17 (Tex.1972) and *Sibron v. New York,* 392 U.S. 40, 57–58, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Neither *Lodge, Carrillo,* nor *Sibron* require that the error be constitutional for the "collateral consequences" exception to apply.

3. The only reference to this continuance in the appellate record is an oral representation of Nelda's counsel that the hearing was con-

then noticed July 17 as a hearing date for her application. At the July 17 hearing Gregory asked the court to consider his application as well, but Nelda insisted that she had not received notice that Gregory's application would be considered at that day's hearing, and was not prepared to proceed on Gregory's application. The trial judge indicated his desire to consider both applications in one hearing, but when Nelda continued to resist, he stated, "Okay. We'll start it and recess it then." Nelda then began presenting evidence in support of her application, but the trial court recessed the hearing before she was finished.

The case reconvened on July 22, 1998. Again, Gregory asked to proceed with his application, and Nelda resisted, arguing that Gregory had never noticed a date for his application. She explained, "I fully expected Mr. Rank (Gregory's counsel) to return to his office, request a hearing for Thursday morning (July 22), and send me a notice. And he didn't, so my understanding was—I'm not really prepared." The trial court found that Nelda had sufficient notice of the hearing on Gregory's application and proceeded with both applications at the July 22 hearing.

On appeal, Nelda argues that the trial court erred in considering Gregory's application at the July 22 hearing. However, even assuming the trial court did err, Nelda has failed to show how she was harmed by the error. Before reversing a trial court judgment, we must conclude that an error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the court of appeals. Tex.R.App. P. 44.1(a). Neither conclusion is warranted here. The events underlying Nelda's application and Gregory's application are identical. Before the trial court Nelda's counsel stated only that she was "not prepared" without explaining how she was not prepared. Nelda's brief argues

that she did not summon witnesses to defend against Gregory's application on July 22 because she had no notice that Gregory's application would be considered that day. However, neither the brief or anything in the appellate record indicate what witnesses Nelda would have summoned, nor what their testimony would have been. In fact, Nelda did call one neighbor at the July 22 hearing whose testimony was generally favorable to her case. We hold that Nelda has not demonstrated reversible error.

### Sufficiency of the Evidence

We next consider Nelda's challenges to the sufficiency of the evidence supporting the trial court's order. She contends that granting the order was against the great weight and preponderance of the evidence, and that Gregory presented no evidence that she was likely to commit family violence in the future. In a bench trial, the trial judge passes on the witnesses' credibility and the weight given the witnesses' testimony, and can reject or accept any witnesses' testimony in whole or in part. *Bocquet v. Herring,* 972 S.W.2d 19, 22 (Tex.1998). When we review a legal sufficiency challenge, we consider all the evidence in the record in a light most favorable to the party in whose favor the verdict has been rendered and indulge every reasonable inference in that party's favor. *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex.1998). If the finding is supported by probative evidence, then we overrule the point and uphold the finding. *Southern States Transp., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989). However, "[w]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983). When con-

---

tinued. The record on appeal does not indicate what the terms of the continuance were

regarding which applications would be considered at a later date.

fronting a factual insufficiency challenge, we overturn findings only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996).

A trial court shall issue a protective order if it finds that family violence has occurred and is likely to occur again. TEX. FAM.CODE ANN. § 71.10 (Vernon 1996). The definition of "family violence" includes "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, [or] assault, ... but does not include defensive measures to protect oneself." TEX. FAM.CODE ANN. § 71.04 (Vernon Supp.2000).

Gregory testified that when he told Nelda he was going to take the child home with him and tried to get in his van to drive away, she lunged at him, pushing him back, and "clawed" at his face. He held her wrists to restrain her. Gregory also testified that Nelda ripped a button off his shirt during their struggle. Nelda's testimony was somewhat similar, although she did not mention "clawing" Gregory, and she described Gregory pushing her to the ground and slamming a door on her hand rather than just restraining her by holding her wrists. Paul Jackson, a neighbor, testified that he saw Nelda trying to push past Gregory to get to the van, and Gregory "pushing and shoving and overpowering" Nelda to keep her away. He also saw Gregory shut the van door on Nelda's wrist. He did not, however, see all of their confrontation, because a tree blocked part of his view.

■ Accepting Gregory's testimony and rejecting the testimony of Nelda and Mr. Jackson, the trial court could have found that Nelda engaged in family violence. From this incident of family violence, the trial court may have inferred that Nelda was likely to commit family violence again. We overrule appellant's sufficiency challenges.

## Appellant's Application for a Protective Order

Nelda also appeals the trial court's denial of her application for a protective order against Gregory. Here again, if the trial court chose, as was its prerogative, to believe only Gregory's testimony and to disbelieve the testimony of Nelda and the neighbor Mr. Jackson, then the trial court's denial of Nelda's application was supported by the evidence. Gregory testified that Nelda attacked him, rather than him attacking her, and that the only physical contact he initiated was to restrain her by the wrists.

■ Nelda relies on information from a police report as proof that Gregory injured her. The report recounts Nelda's accusations that Gregory violently kept her from the van and slammed a door on her hand. Photographs show marks on Nelda's arms, wrists, and shoulder. The police officer who interviewed Nelda for the report testified that it was "possible" that Gregory caused the marks on Nelda through defensive, rather than aggressive force; but that he "wouldn't think" Nelda's injuries were caused by defensive actions, and that one of the marks was "consistent with slamming into the door like she was alleging." While certainly helpful to Nelda's case, this evidence is somewhat equivocal, and is not so compelling as to make the trial court's denial of Nelda's application against the great weight and preponderance of the evidence.

Having found no reversible error in any of the issues raised by the appellant, we affirm the order of the trial court.