NUMBER 13-00-008-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


DAVID W. HUFFINES , Appellant,


v.


LISA K. HUFFINES , Appellee.

___________________________________________________________________

On appeal from the 308th District Court

of Harris County, Texas.

__________________________________________________________________


O P I N I O N


Before Justices Hinojosa, Yañez, and Amidei (1)

Opinion by Justice Amidei


This is an appeal from a protective order pursuant to Section 85.022 of the Texas Family Code. Appellant David W.
Huffines argues in four points that the evidence is legally and factually insufficient to support (1) the trial court's finding
that he committed "family violence," and (2) the award of attorney's fees in favor of the attorney for Lisa K. Everest
(formerly Lisa K. Huffines), (2) appellee; and the trial court abused its discretion in granting the protective order and
awarding attorney's fees in favor of appellee's attorney. We affirm.

Procedural Background

The parties were appointed joint managing conservators of their minor child in their divorce action in August of 1998. 
Appellee's motion to name her sole managing conservator was pending but not set for trial when appellee filed for this
protective order.

Jurisdiction

 his court has jurisdiction to review this protective order. In re Cummings, 13 S.W.3d 472, 474-75 (Tex. App.-Corpus
Christi 2000, no pet.).

Factual Background

Appellee testified that appellant threatened her in September 1999, by referring to a threat he made to her three years
previously when he told her he would kill her if she tried to take his daughter away from him, and that he would use a gun
as he previously threatened. More specifically, she testified that a month before the hearing, appellant had parked his car
outside her place of employment three times, and then followed her in his car for about three blocks each time. A few
weeks before the hearing, appellant drove up to her at a convenience store and told her that if she continued "on with this",
he was going to do what he told her he'd do three years ago and kill her at the time, appellant's hand was resting on the car
console where he used to keep a gun during their marriage. Appellant denied these events. Appellee testified that during
their marriage, appellant had said that if she ever tried to take their daughter Katie away from him, he would kill her, and in
July 1997, during their divorce, appellant pushed her against a wall and tried to choke her.

Standard of Review

When we review a legal sufficiency challenge, we consider all the evidence in the record in a light most favorable to the
party in whose favor the verdict has been rendered and indulge every reasonable inference in that party's favor. Id. at
476-77. If the finding is supported by probative evidence, then we overrule the point and uphold the finding. Id. at 476. 
However, when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or
suspicion of its existence, the evidence is no more than a scintilla, and, in legal effect, is no evidence. Id. at 476-77. When
confronting a factual insufficiency challenge, we overturn findings only if they are so against the great weight and
preponderance of the evidence as to be clearly wrong. Id. at 476-77.

In addition to denying appellee's testimony, appellant argues that the incident three years before the 1999 encounter, cannot
be considered because section 153.004 of the Texas Family Code bars any incident older than two years. Section 153.004
is not applicable as it only prohibits a court from allowing a parent access to a child if that parent has a history of family
violence during the two years prior to the date of the filing of suit or during the pendency of the suit. Tex. Fam. Code Ann.
§ 153.004 (Vernon Supp. 2001). Appellant threatened in 1999 to do what he threatened to do three years earlier, i.e. kill
appellee if she continued to pursue her motion for appointment as sole managing conservator. Also, appellant claims the
fact the threat was not imminent harm takes it outside the definition of "family violence." However, the statutory definition
includes a threat which reasonably places the family member in fear of imminent physical harm. Tex. Fam. Code Ann. §
71.004 (Vernon Supp. 2001). The threat described by appellant as "conditional" to kill appellee in the future threatens
imminent harm unless appellee abandons her efforts to be named sole managing conservator. If appellee told appellant to
his face she would never stop trying, then appellee is in imminent danger because the condition is met. Unless appellee
voluntarily dismisses her motion to modify, she is in danger from the threat. We do not agree with appellant's arguments. 

The trial court heard the parties' testimony and passed on their credibility and the weight to be given their testimony, and
could reject or accept any witness's testimony in whole or in part. Id. at 476. The evidence was legally and factually
sufficient to support the protective order. The trial court did not abuse its discretion in granting the protective order.

The testimony supports the trial court's award of attorney's fees to appellee's attorney. It is unreasonable to believe an
attorney would expend seven hours handling this case for a fee of only $250.00 as claimed by appellant. There was
testimony the attorney was being paid $250.00 per hour and that he spent seven hours. Even if at one point, the attorney
said he was handling the case for $250.00, the trial court understood that to mean $250.00 per hour. The trial court did not
abuse its discretion in awarding appellee's attorney $1,750.00 as reasonable and necessary attorney's fees.

The protective order is affirmed.

___________________________

MAURICE AMIDEI 

Justice 



Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed this

11th day of October, 2001.

 

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The name of the appellee stated in appellee's brief.