NUMBER
13-01-428-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                        CORPUS CHRISTI-EDINBURG

 

 

                        IN
THE MATTER OF ELMO LIESMANN, II

 

 

                        On appeal from the
319th District Court   

                                  of Nueces County, Texas.

 

 

                                   O P I N I O N

 

        Before Chief Justice Valdez and Justices
Dorsey and Rodriguez

Opinion
by Chief Justice Rogelio Valdez

 

Appellant, Elmo Liesmann, II, appeals from a protective order entered
against him on application by his ex-roommate, Arin Plathong.  Through fourteen points of error he argues
the trial court erred in entering the protective order. We affirm.

Facts & Procedural History








At the hearing on the motion for a protective order Ms. Plathong
testified that she and Mr. Liesmann lived as roommates for three weeks and
separated on or about December 17, 2000. 
During this time Plathong alleges that Liesmann sexually assaulted her
three times.  She further testified that
he harassed her at her new residence by making numerous telephone calls.  On one occasion, Plathong claims he came to
her residence to confront her and that he injured himself while jumping a fence
when the police arrived.  She further
testified that while at the hospital, to care for the injury he sustained
fleeing her residence, Liesmann called her, leaving eleven messages on her
phone.

Based on an affidavit that contained a portion of  the aforementioned allegations,
Plathong obtained a temporary ex parte protective order.  A protective order hearing was set for March
12, 2001.   Two subsequent extensions
were granted because the trial court was unable to hear the case due to a jury
trial.  The hearing, in which Liesmann
represented himself pro se, was then set for March 26, 2002, with the trial
court granting a protective order against Liesmann on April 10, 2001.  The order is set to expire on April 10, 2003.

Jurisdiction

We have jurisdiction over an appeal of a final judgment.  N. E. Indep. Sch. Dist. v.
Aldridge, 400 S.W.2d 893, 895 (Tex. 1966).  A protective order whose duration does not
depend on further action by the trial court is final for the purposes of
appellate jurisdiction.  In re
Cummings, 13 S.W.3d 472, 475 (Tex. App.BCorpus Christi 2000, no
pet.).  We maintain jurisdiction despite
the fact that the trial court retains some power to modify the order.  Striedel v. Striedel, 15 S.W.3d 163,
164-65 (Tex. App.BCorpus Christi 2000, no
pet.) (this Court reached the same conclusion
regarding finality of a protective order). 









This protective order
does not depend on further action by the trial court,
therefore, for purposes of appellate jurisdiction the order is final.  Cummings, 13 S.W.3d
at 475.  Accordingly, this Court
has jurisdiction to review this protective order.   Id. 

Analysis

Through fourteen points
of error Liesmann challenges the protective order arguing the trial court erred
(1) in failing to asking him if he had been notified of the hearing on April
10, 2001; (2) in accepting State=s exhibit one as
evidence because it was based on hearsay; (3) in not challenging Ms. Plathong=s credibility; (4) in
not bringing felony perjury charges against Ms. Plathong for what he asserts is
false testimony; (5) in allowing Ms. Plathong=s counsel Ato admit letters that
appellant wrote as evidence . . . because those letters were presented out of
context@ and harmed the trial
court=s final decision; (6) in
admitting testimony of phone calls allegedly made by Liesmann at the hospital;
his contention is that these calls are inadmissible because they were not
traced to his hospital room; (7) in presuming Liesmann agreed to the terms and
conditions of his protective order; (8) in allowing Plathong=s counsel to ask
Plathong leading questions; (9) in allowing Plathong=s conflicting testimony Ato go unchecked;@ (10) in allowing
Plathong=s contradictory
testimony to Astand;@ (11) in allowing
Plathong to testify as to Liesmann Aburglariz[ing]@ her apartment; (12) in
accepting Plathong=s allegations of family
violence into the record because they were not proven; (13) in allowing
Plathong=s counsel to leave an
impression that Liesmann lied about leaving voice mails; and (14) in stating
that a rape case is not being tried.      








As a prerequisite to
representing a complaint for appellate review, the record must show that Athe complaint was made
to the trial court by a timely request, objection, or motion.@  See Tex.
R. App. P. 33.1(a)(1).  Upon review of the record, we find no
objections regarding the fourteen points of error mentioned or any other
matter.  We further note that outside of
Liesmann=s general references to
one case, and various statutes concerning perjury, he fails to cite authority
in support of his points of error.  Leyva
v. Leyva, 960 S.W.2d 732, 734 (Tex. App.BEl Paso 1997, no writ) (Afailure to cite
authority in support of a point of error on appeal waives the complaint@); Tex. R. App. P. 38.1(h). 

Liesmann urges this
Court to examine his Aexhibits,@ provided in his brief,
as part of the appellate record.  These
exhibits, however, were not introduced at the hearing and are therefore, not
properly part of the appellate record.  Southwestern
Bell Tel. Co. v. Griffith, 575 S.W.2d 92, 104 (Tex. Civ. App.BCorpus Christi 1978,
writ ref=d n.r.e.) (holding that the appellate court would convert into a court
of original jurisdiction if it were to consider evidence that was never
presented to the trial court).  

Conclusion

Because Liesmann has
failed to preserve error, there is nothing for this Court to review.  See Tex.
R. App. P. 33.1(a)(1).  We dismiss all points of error and affirm the
protective ordered entered by the trial court. 
   

 

 

                                        

ROGELIO VALDEZ

Chief Justice

 

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion delivered and filed

this 27th day of June, 2002.