Gipson v. Huerta





 



NUMBER 13-02-00490-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 



MARIA DE JESUS GIPSON A/K/A MARIA QUINTANILLA, Appellant,



v.




MARTHA HUERTA, Appellee.

 



On appeal from the 214th District Court of Nueces County, Texas.



MEMORANDUM OPINION


Before Justices Hinojosa, Rodriguez, and Garza

Opinion by Justice Hinojosa




 This is an appeal from a protective order granted by the trial court against appellant, Maria De Jesus Gipson,
a/k/a Maria Quintanilla. In four issues, appellant contends: (1) there is no evidence in the record supporting
the trial court's finding that family violence is likely to occur in the future; (2) the trial court erred, as a matter
of law, in using an erroneous standard in determining whether there was evidence supporting the issuance of a
protective order; (3) there is factually insufficient evidence in the record to support the trial court's finding of
family violence; and (4) there is factually insufficient evidence in the record to support the trial court's finding
that family violence is likely to occur in the future.

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. See
Tex. R. App. P. 47.4.

A. Jurisdiction


 Under Texas procedure, appeals are allowed only from final orders or judgments. Jack B. Anglin Co. v.
Tipps, 842 S.W.2d 266, 272 (Tex. 1992). A protective order whose duration does not depend on further
action by the trial court is final for purposes of appellate jurisdiction. In re Cummings, 13 S.W.3d 472, 475
(Tex. App.-Corpus Christi 2000, no pet.). We maintain jurisdiction despite the fact that the trial court retains
some power to modify the order. Striedel v. Striedel, 15 S.W.3d 163, 164-65 (Tex. App.-Corpus Christi
2000, no pet.). 

 The protective order in this case does not depend on further action by the trial court. Therefore, we conclude,
for purposes of appeal, that the order is final and we have jurisdiction to review it. See Cummings, 13 S.W.3d
at 475.

B. Finding of Future Family Violence


 In her first issue, appellant contends there is no evidence in the record supporting the trial court's finding that
family violence is likely to occur in the future.

 When we review a "no-evidence" or "legal sufficiency of the evidence" issue, we must view all the evidence in
a light that tends to support the finding of the disputed fact and disregard all evidence and inferences to the
contrary. Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001); Hines v. Comm'n for Lawyer Discipline, 28
S.W.3d 697, 701 (Tex. App.-Corpus Christi 2000, no pet.). A no evidence issue will be sustained when the
record discloses that: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence
offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the
opposite of the vital fact. Merrell Dow Pharms. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). If there is
more than a scintilla of evidence to support the finding, the no evidence challenge fails. Stafford v. Stafford,
726 S.W.2d 14, 16 (Tex. 1987). When the evidence offered to prove a vital fact is so weak as to do no more
than create a mere surmise or suspicion of its existence, the evidence is not more than a scintilla and, in legal
effect, is no evidence. Kindred v. Con-Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). More than a scintilla of
evidence exists where the evidence supporting the finding, as a whole, rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions. Havner, 953 S.W.2d at 711.

 A court shall render a protective order if the court finds that family violence has occurred and is likely to
occur in the future. Tex. Fam. Code Ann. § 81.001 (Vernon 2002). "At the close of a hearing on an
application for a protective order, the court shall find whether: (1) family violence occurred; and (2) family
violence is likely to occur in the future." Tex. Fam. Code Ann. § 85.001(a) (Vernon 2002).

 The evidence in the record supports the trial court's finding that appellant committed family violence in the
past. However, the record contains no evidence that family violence "is likely to occur in the future." See
Tex. Fam. Code Ann. § 85.001(a)(2) (Vernon 2002).

 During oral argument, appellee's counsel argued that evidence of future family violence could be found in
appellee's affidavit in support of her request for ex parte relief. However, appellee's affidavit was neither
offered nor admitted into evidence, and appellee did not testify regarding this matter. Because appellee failed
to establish the second element required by section 85.001(a) of the family code, we hold the evidence is
legally insufficient to support the trial court's order. We sustain appellant's first issue. 

 In light of our disposition of appellant's first issue, it is not necessary to address her remaining issues. See
Tex. R. App. P. 47.1.

 We reverse the trial court's protective order and render judgment that appellee's request for a protective order
is denied. 



FEDERICO G. HINOJOSA

Justice



Opinion delivered and filed this the

17th day of July, 2003.