NUMBER 13-05-641-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






SANDRA ELVA GONZALEZ, Appellant,


v.



ROBERT RANGEL, Appellee.





On appeal from the 206th District Court


of Hidalgo County, Texas.






MEMORANDUM OPINION


 

Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez


 This is an appeal from a protective order issued by the trial court against
appellant, Sandra Elva Gonzalez. By four issues, appellant complains of the sufficiency
of the evidence to support the trial court's findings of past and future family violence. 
See Tex. Fam. Code Ann. §§ 71.004, 85.001 (Vernon 2002). We reverse and render.I. Jurisdiction

 This Court agrees with the majority of the appellate courts considering the
appealability of a protective order: a protective order is akin to a permanent injunction,
and is, therefore, appealable if it disposes of all parties and issues. Striedel v. Striedel,
15 S.W.3d 163, 164-65 (Tex. App.-Corpus Christi 2000, no pet.); In re Cummings,
13 S.W.3d 472, 475 (Tex. App.-Corpus Christi 2000, no pet.); see Vongontard v.
Tippit, 137 S.W.3d 109, 110 (Tex. App.-Houston [1st Dist.] 2004, no pet.); Ulmer
v. Ulmer, 130 S.W.3d 294 (Tex. App.-Houston [14th Dist.] February 12, 2004, no
pet.); B. C. v. Rhodes, 116 S.W.3d 878, 882 (Tex. App.-Austin 2003, no pet.); Kelt
v. Kelt, 67 S.W.3d 364, 366 (Tex. App.-Waco 2001, no pet.); Cooke v. Cooke, 65
S.W.3d 785, 787-88 (Tex. App.-Dallas 2001, no pet.); Winsett v. Edgar, 22 S.W.3d
509, 510 (Tex. App.-Fort Worth 1999, no pet.); James v. Hubbard, 985 S.W.2d 516,
518 (Tex. App.-San Antonio 1998, no pet.). (1) This Court has jurisdiction to review
this protective order because it disposes of all issues between the parties. In re
Cummings, 13 S.W.3d at 474-75.


II. Background

 Appellant and appellee, Robert Rangel, were involved in an intimate relationship
for approximately two years. On May 19, 2005, appellee filed an application for a
protective order. At the conclusion of a hearing on appellee's application, the trial
court issued a protective order that was to continue in full force and effect until July
7, 2007. The order included the following relevant findings:

 4. The Court finds that family violence has occurred and that family
violence is likely to occur in the future;

 

 5. The Court finds that Respondent SANDRA ELVA GONZALEZ has
committed family violence by threatening ROBERT RANGEL'S life;
and

 

 6. The Court finds that Respondent SANDRA ELVA GONZALEZ has
committed family violence by communicating with ROBERT
RANGEL in a threatening or harassing manner.

III. Sufficiency of the Evidence

 In her first and second issues, appellant contends the evidence is legally and
factually insufficient to show that she engaged in an act of family violence as defined
by section 71.004 of the Texas Family Code. See Tex. Fam. Code Ann. § 71.004
(Vernon 2002). In her third and fourth issues, appellant contends the evidence is
legally and factually insufficient to support a finding that family violence was likely to
occur in the future as required by section 85.001 of the Texas Family Code. See Tex.
Fam. Code Ann. § 85.001 (Vernon 2002).


A. Standard of Review

 Findings of fact in a case tried to the court, such as this one, have the same
force and effect as jury findings. Catalina v. Blasdel, 881 S.W.2d 296, 297 (Tex.
1994). An appellate court reviews a trial court's findings of fact by the same
standards that it uses to review the sufficiency of the evidence to support a jury's
findings. Johnston v. McKinney Amer. Inc., 9 S.W.3d 271, 276 (Tex. App.-Houston
[14th Dist.] 1999, pet. denied). We measure the sufficiency of the evidence of the
title 4 family violence protective order by a legal and factual sufficiency standard of
review. See In re Cummings, 13 S.W.3d at 476-77; Vongontard v. Tippit, 137
S.W.3d 109, 110 (Tex. App.-Houston [1st. Dist.] 2004, no pet.). (2)

 In reviewing the legal sufficiency of the evidence, we view the evidence in the
light favorable to the verdict, crediting favorable evidence if reasonable jurors could,
and disregarding contrary evidence unless reasonable jurors could not. City of Keller
v. Wilson, 168 S.W.3d 802, 807 (Tex. 2005). In conducting a legal sufficiency
review, we will sustain a legal sufficiency point if the record reveals the following: (a)
the complete absence of a vital fact; (b) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact; (c) the
evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the
evidence establishes conclusively the opposite of the vital fact. Id. at 810. The fact
finder is the sole judge of the credibility of the witnesses and the weight to give their
testimony. See id. at 819.

 When reviewing factual insufficiency complaints, this Court considers, weighs,
and examines all evidence which supports or undermines the finding. Golden Eagle
Archery v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003). The finding is set aside only
if the evidence standing alone is too weak to support the finding or the finding is so
against the overwhelming weight of the evidence as to be manifestly unjust and clearly
wrong. Id.

B. Analysis

 A trial court shall render a protective order if, after a hearing, it finds that family
violence has occurred and is likely to occur in the future. Tex. Fam. Code Ann. §§
81.001, 85.001 (Vernon 2002). The Texas Family Code defines "family violence" as
follows: 

 (1) an act by a member of a family or household against another member
of the family or household that is intended to result in physical harm,
bodily injury, assault, or sexual assault or that is a threat that reasonably
places the member in fear of imminent physical harm, bodily injury,
assault, or sexual assault; [or]


* * * * *


 (3) dating violence, as that term is defined by Section 71.0021. (3)


Id. § 71.004(1).


 In her first issue, appellant contends that the evidence is legally insufficient to
show that she committed family violence against appellee in the past. The trial court
indicated that it found no evidence of an overt physical act of family violence, and
thus, the question is whether the evidence shows that family violence in the form of
threats occurred. See id.

 The family code provides that only threats of "imminent physical harm, bodily
injury, assault, or sexual assault" constitute family violence. See id. To support his
assertion that family violence in the form of threats occurred, appellee testified
regarding the following statements: (1) appellant "threatened" to ruin appellee's
career; (2) appellant told appellee that she had shot her ex-husband; (3) appellant made
multiple calls to appellee's cellular phone; and (4) appellant told appellee over the
telephone while he was in Iraq that if he did not come home he would die.

 The definition of family violence makes no reference to threats about one's
career, only to threats of "imminent physical harm, bodily injury, assault, or sexual
assault." Appellant "threatened" to ruin appellee's career. Accordingly, this statement
does not support a finding of family violence.

 As to appellee's allegation that appellant told him she shot her ex-husband,
appellant argues this testimony is legally insufficient to constitute a "threat" absent
evidence of the context in which the statement was made. See Selvog v. State, 895
S.W.2d 879, 881 (Tex. App.-Texarkana 1995, pet. ref'd) (discussing non-verbal
factors that would indicate threat of serious bodily injury); see also Dacquisto v. State,
721 S.W.2d 603, 605 (Tex. App.-Amarillo 1986, pet. ref'd) (finding reasonable fear
of serious bodily injury when victim, a young single woman living alone, was thrown
from bed at night by stranger, threatened and had mouth taped). Appellant argues
that appellee did not testify about appellant's tone of voice, about her physical
posturing, or about any other non-verbal cues that could demonstrate an inference of
threat. Moreover, appellee neither testified that appellant actually said she would
shoot him like she shot her ex-husband, nor that he understood her to mean that she
would shoot him. Nothing in either party's testimony indicates appellant possessed
a weapon at the time she made the alleged statement or that she had ready access to
a weapon. To constitute a "threat" under section 71.004, appellee must have been
in fear of imminent bodily harm or injury. See Tex. Fam. Code Ann. § 71.004(1)
(Vernon 2002). Nothing in appellee's testimony confirms that he was placed in fear
of imminent harm as a result of appellant making such statement and thus, the
statement does not support a finding of family violence. See id.

 With regard to appellee's assertion that appellant called him on his cellular phone
up to seven times a day during the thirty days prior to the date he filed his protective
order, appellant argues that appellee provided no testimony about any actual threat and
did not testify that the content of the calls placed him in fear of imminent bodily harm.
Appellant argues that, absent any threats to do bodily harm to appellee, any calls she
may have made to him do not constitute family violence. We agree. During the
hearing on appellee's application for protective order, appellee admitted into evidence
his telephone records which also established that, during this same time period,
appellee initiated calls to or returned calls from appellant. We cannot conclude that
appellant's calls to appellee in this case support a family violence finding. See id.

 With respect to appellee's allegation that appellant told him over the phone
while he was in Iraq that if he did not come home he would die, appellant asserts that
there was no evidence that the alleged statement actually constituted a "threat" and
that appellee could not reasonably have been in imminent fear of bodily injury or
assault by appellant as a result of that alleged statement. Iraq is a war zone, and it
is common knowledge that appellee's life was in danger while stationed there. 
Appellee did not testify that appellant made a direct threat to harm him while he was
in Iraq or that he would die if he did come home from Iraq, but merely that if he did
not return from Iraq, he would die. Because appellant was not in Iraq at the time the
alleged statement was made, any belief by appellee that appellant herself would be
able to cause him imminent bodily harm would not be reasonable. See Robertson v.
State, 175 S.W.3d 359, 362 (Tex. App.-Houston [1st Dist.] 2004, pet. ref'd)
(construing "'imminent' to refer to a present threat, not a future threat of bodily injury
or death"). Furthermore, appellee proffered no testimony that appellant, working
through a third party in Iraq or by some other means, would cause his death. The
distance between the parties and appellee's failure to present evidence regarding the
context in which the statement was made is strong evidence that no imminent threat
existed. Therefore, this statement does not support a finding of family violence.

 Having reviewed the evidence in the light favorable to the verdict, we conclude
that the evidence offered to prove family violence is no more than a mere scintilla. 
See Keller, 168 S.W.3d at 807, 810. We conclude, therefore, that the evidence is
legally insufficient. Appellant's first issue is sustained.

 Because we have concluded that the evidence is legally insufficient to satisfy
the required finding that family violence occurred in the past, we need not address
appellant's second issue regarding factual sufficiency or her third and fourth issues
concerning the second prong of the analysis, that family violence is likely to occur in
the future. See Tex. R. App. P. 47.1; Tex. Fam. Code. Ann. § 85.001 (Vernon 2002).

IV. Conclusion

 Accordingly, we reverse the trial court's protective order and render judgment
that appellee's request for a protective order is denied.


 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and

filed this 17th day of August, 2006.
1. We do not address herein the applicability of this general rule to divorce proceedings. See, e.g.,
Keifer v. Keifer, 132 S.W.3d 601, 602 (Tex. App.-Fort Worth 2004, no pet.); In re K.S.L.-C., 109
S.W.3d 577, 579 (Tex. App.-Tyler 2003, no pet.); Bilyeu v. Bilyeu, 86 S.W.3d 278, 282 (Tex.
App.-Austin 2002, no pet.).
2. In Striedel v. Striedel, 15 S.W.3d 163, 166 (Tex. App.-Corpus Christi 2000, pet. denied), we
concluded that the trial court abused its discretion in not allowing appellant to present evidence at the
hearing on the protective order. See id. We did not reach the issue regarding sufficiency of the
evidence in Striedel.
3. "Family violence," as used in the trial court's fact findings, includes "dating violence." See Tex.
Fam. Code Ann. § 71.004(3) (Vernon 2002). Section 71.0021 defines dating violence as "an act by an
individual that is against another individual with whom that person has or has had a dating relationship
[including a continuing relationship of a romantic or intimate nature] and that is intended to result in
physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the
individual in fear of imminent physical harm, bodily injury, assault, or sexual assault . . . ." Id. at §
71.0021(a), (b).