# NO. 12-13-00142-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY RAIFORD COLLIER,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The State of Texas filed a petition for a protective order against Appellant, Larry Raiford Collier (Larry), for the benefit of Larry's brother, Walter Dale Collier (Dale). The trial court found that family violence had occurred and was likely to occur in the future, and granted a six month protective order. Larry challenges the legal and factual sufficiency of the evidence to support the order. We affirm.

## BACKGROUND

Joyce Collier Rogers (Joyce) was the executor of her father's estate. She had three brothers, Larry, Dale, and David. Some of the personal property in the estate was not part of the specific bequests. In dividing the personal property, Joyce let Dale take her father's dining room table even though she knew Larry wanted the table. When Joyce told Larry that Dale had taken the table, Larry left their parents' house in a rage saying he was going to find Dale and stomp him.

Joyce called Dale to warn him. She was unable to reach Dale but reached his wife, Judy. Joyce told Judy that Larry was very angry and on his way to see Dale. Judy saw Larry coming and tried to keep him out of Dale's office, because Dale was on the telephone. Larry grabbed her hand and shoved her down in the hallway aggravating the ruptured discs in her back and neck.

She heard Larry tell Dale, "I'll catch you away from here, and I'm going to stomp the s**t out of you when I do."

Dale testified that Larry burst into his office yelling, screaming, and cursing him. When Dale told Larry that the sheriff was on the way, Larry told him, "I'll tell you one thing, you better watch your back. . . I'm going to catch you off the place and I'm going to stomp the s**t out of you."

Dale testified that he sees Larry from time to time in Douglas, a nearby town. However, except for the December 12 incident, there had been no communication between them over the last fifteen years. There had been no contact between them between the events of December 12, 2010, and the hearing on February 11, 2013.

The trial court found that family violence had occurred and was likely to occur in the future. The trial court granted a six month protective order. The protective order expired on August 11, 2013.

### MOOTNESS

The mootness doctrine limits courts to the decision of cases involving an actual controversy. *Fed. Deposit Ins. Corp. v. Nueces Cnty.*, 886 S.W.2d 766, 767 (Tex. 1994). Texas law recognizes a "collateral consequences" exception to the mootness doctrine. *Id*. at 767. The exception is narrowly limited to situations where

> as a result of the judgment's entry, (1) concrete disadvantages and disabilities have in fact occurred, are imminently threatened to occur, or are imposed as a matter of law; and (2) the concrete disadvantages and disabilities will persist even after the judgment is vacated.

*Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006). It is properly applied when the effect of the judgment would be to stigmatize individuals long after the judgment ceased to operate. *In re Cummings*, 13 S.W.3d 472, 475 (Tex. App.–Corpus Christi 2000, no pet.).

Generally, expired temporary protective orders are considered moot and therefore unreviewable. *Schaban-Maurer v. Maurer-Schaban*, 238 S.W.3d 815, 822 (Tex. App.–Fort Worth 2007, no pet.). However, a protective order based on a finding of family violence not

2

only carries a social stigma even after the order's expiration, but potentially negative legal consequences as well. *Id*. at 822-23.

We conclude that the collateral consequences doctrine applies in this case. Therefore, the expiration of the protective order does not render this appeal moot, and we may consider the merits of Larry's issues.

LEGAL AND FACTUAL INSUFFICIENCY

In his sole issue, Larry contends that the evidence is both legally and factually insufficient to support a finding that family violence was likely to occur in the future.

## Standard of Review

A legal sufficiency challenge may be sustained only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998). In determining a legal sufficiency challenge, we must credit evidence favorable to the finding if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

In reviewing a challenge to the factual sufficiency of the evidence to support a finding, the appellate court considers and weighs all the evidence pertinent to the finding. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g) (citing *In re King's Estate*, 244 S.W.2d [660,] 662 [(Tex. 1951)]). It may set aside the verdict only if the credible evidence supporting the verdict is so weak or the evidence to the contrary is so overwhelming that the verdict is clearly wrong and unjust. *Id*.; *Halleman v. Halleman*, 379 S.W.3d 443, 447 (Tex. App.–Fort Worth 2012, no pet.).

## Applicable Law

A trial court shall render a protective order if, after a hearing, it finds that family violence has occurred and is likely to occur in the future. TEX. FAM. CODE ANN. §§ 81.001 (West 2008), 85.001 (West Supp. 2012). As relevant here, "family violence" means

> an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat

that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself.

*Id*. § 71.004(1) (West Supp. 2012). Past violent conduct can be competent evidence that is legally and factually sufficient to sustain the grant of a protective order. *In re Epperson*, 213 S.W.3d 541, 544 (Tex. App.–Texarkana 2007, no pet.).

**Discussion**

Larry argues that a single act of family violence is an insufficient basis for the issuance of a protective order. We disagree. Family violence is defined in the singular as "an act." TEX. FAM. CODE ANN. § 71.004(1). Nowhere within Section 81.001 is there language from which it may even be inferred that more than one incident of family violence must occur before a protective order may issue. Such a requirement would be contrary to common sense and in conflict with the statute's intent. Larry also argues that one isolated incident of family violence is not sufficient to support a finding that family violence is likely to recur. In support of his argument, Larry cites *In re J.A.T.*, No. 13-04-00477 CV, 2005 WL 1981497, at *1 (Tex. App.–Corpus Christi Aug. 18, 2005, no pet.) (mem. op.). In *J.A.T.*, the record showed that, during the exchange of a minor child, the appellant pulled the appellee toward him when she had the child in her arms, which resulted in the child's being pulled between the two parties. *Id*. The court assumed, without deciding, that this action constituted "family violence," but stated that "the record contains no evidence that family violence 'is likely to occur in the future.'" *Id*. Consequently, the Corpus Christi court refused, without more, to infer the likelihood of future violence from the conduct described. *See id*. The court's holding does not support the rule that Larry urges. *See Banargent v. Brent*, No. 14-05-00574-CV, 2006 WL 462268, at *1 (Tex. App.–Houston [14th Dist.] Feb. 28, 2006, no pet.) (mem. op.).

In the instant case, the likelihood of future violence need not be inferred from Larry's past conduct. The record shows Larry entered Dale's home uninvited, pushed Dale's wife down injuring her, confronted Dale, and made explicit threats of future violence. Specifically, he warned Dale, "[Y]ou better watch your back. . . I'm going to catch you off the place and I'm going to stomp the s**t out of you." He also told Dale that "I'll catch you away from here, and I'm going to stomp the s**t out of you when I do."

Measured against the appropriate standard, the evidence supporting the grant of the protective order is both legally and factually sufficient. Larry's two issues are overruled.

## DISPOSITION

The judgment of the trial court is ***affirmed***.

**BILL BASS**
Justice

Opinion delivered September 4, 2013.
*Panel consisted of Worthen, C.J., Griffith, and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 4, 2013**

**NO. 12-13-00142-CV**

**LARRY RAIFORD COLLIER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law

of Nacogdoches County, Texas (Tr.Ct.No. C1328926)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*