# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00425-CV

---

**NextEra Energy, Inc., Appellant**

**v.**

**Public Utility Commission of Texas, Appellee**

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-000143, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

NextEra Energy, Inc. (NextEra) challenges an order of the Public Utility Commission (the Commission). The Commission's order dismissed without prejudice a joint report and application filed by NextEra and Texas Transmission Holdings Corporation (TTHC) seeking the Commission's approval of NextEra's proposed acquisition of TTHC's indirectly held minority interest in Oncor Electric Delivery Company LLC (Oncor). Because we conclude that the issues presented in the underlying suit for judicial review were moot and not within an exception to the mootness doctrine, we vacate the trial court's judgment and dismiss this appeal for lack of subject matter jurisdiction.

## BACKGROUND

Oncor is an electric utility that provides transmission and distribution service in Texas pursuant to the Public Utility Regulatory Act and the Commission's rules. *See* Tex.

Util. Code §§ 11.001-66.016 (PURA). In 2016, Oncor was 80.03% owned by Oncor Electric Delivery Holdings Company, a wholly owned subsidiary of Energy Future Holdings Corporation (EFH), and 19.75% owned by Texas Transmission Investment LLC, a wholly owned subsidiary of TTHC. In October 2016, NextEra and Oncor jointly requested Commission approval for two separate transactions by which NextEra would acquire EFH's 80.03% majority interest and TTHC's 19.75% minority interest in Oncor. *See* Tex. Pub. Util. Comm'n, *Joint Report and Application of Oncor Delivery Company LLC and NextEra Energy, Inc. for Regulatory Approvals*, Docket No. 46238 (Oct. 31, 2016). On June 7, 2017, the Commission issued an Order on Rehearing denying the requested approval based on its determination that the transactions were not in the public interest. *See* Tex. Util. Code § 39.262(*l*)-(m) (requiring Commission approval before closing on certain transactions involving electric utilities and providing that approval must be given if Commission "finds that the transaction is in the public interest"). NextEra filed a suit for judicial review of the Commission's order in Travis County district court. *See id.* § 15.001 (party to proceeding before Commission is entitled to judicial review under substantial evidence rule). After the district court affirmed the Commission order, NextEra perfected an appeal, which was transferred to the Fourteenth Court of Appeals pursuant to a Supreme Court of Texas Transfer Order. The Fourteenth Court of Appeals dismissed the appeal as moot because the transactions for which NextEra sought approval had been terminated by parties to them. *See NextEra Energy, Inc. v. Public Util. Comm'n*, No. 14-18-00667-CV, 2020 WL 1150799, at *2 (Tex. App.—Houston [14th Dist.] Mar. 10, 2020, pet. filed) (mem. op.).

In July 2017, four weeks after the Commission's order denying approval of the two proposed transactions, NextEra and TTHC (but not Oncor) jointly filed a new request for approval of the TTHC transaction on a stand-alone basis. *See* Tex. Pub. Util. Comm'n, *Joint*

2

*Report and Application of Texas Transmission Holdings Corporation and NextEra Energy, Inc. for Regulatory Approvals*, Docket No. 47453 (July 29, 2017); *see also* Tex. Util. Code §§ 39.262(*l*), .915(a) (mandating that Commission approval be obtained for transactions involving utility mergers, transfers of at least 50 percent of utility's stock, or transfers of "a controlling interest or operation control" of utility). NextEra requested that the Commission either find that TTHC's 19.75% interest did not constitute "a controlling interest or operational control" of Oncor and therefore did not require Commission approval or that it approve the transaction.

In August 2017, the Commission requested briefing on threshold legal issues related to the sufficiency of the application. Specifically, the Commission requested briefing regarding: (1) whether Oncor must join the proceeding as a joint applicant, (2) whether the Commission had the authority to order Oncor to participate in the proceeding, and (3) what action the Commission should take if Oncor must be a joint applicant but the Commission lacked the authority to order it to participate. *See* Tex. Util. Code §§ 39.262(*l*), .915(a) (providing that "an electric utility or transmission and distribution utility must report to and obtain approval of the Commission"). The question the Commission posed was whether, because neither NextEra nor TTHC met the statutory definition of "an electric utility" or a "transmission and distribution utility," Oncor, the entity that did meet the statutory definition, was itself required to "report to and obtain approval of the Commission."

After considering briefing responsive to its request and after holding two open meeting discussions, the Commission issued an order dismissing the proceeding without prejudice. *See* Tex. Pub. Util. Comm'n, *Order of Dismissal Without Prejudice*, Docket No. 47453 (October 26, 2017). The Commission determined that (1) Texas Utility Code sections 39.262(*l*) and 39.915(a) both require "an electric utility or transmission and distribution utility to submit a

3

report regarding a proposed transaction to the Commission," (2) neither NextEra nor TTHC were electric utilities or transmission and distribution utilities under PURA, and, consequently, (3) neither NextEra nor TTHC may properly submit a report to the Commission under sections 39.262(*l*) and 39.915(a). The Commission's order stated that NextEra and TTHC could join Oncor in submitting a report but, because "the statutorily specified entity did not submit the report in this case," the proposed transaction had not been properly reported to the Commission and should be dismissed without prejudice to refiling. The Commission further explained:

> [T]he Commission also notes that PURA does not require the electric utility or transmission and distribution utility to seek approval of the proposed transaction, or otherwise take a position on the proposed transaction. Instead, PURA requires the utility to submit the report to the Commission and allow the Commission to make a determination on whether the proposed transaction is in the public interest. The Commission must then approve the proposed transaction before the transaction may close.

The order also stated that NextEra and TTHC "may work with Oncor to file a statutorily authorized report to the Commission as soon as practicable." Five days after the Commission issued its order, TTHC advised the Commissioners by email that it had "terminated the Merger Agreement that was the subject of Docket No. 47453."

After NextEra's motion for rehearing was overruled by operation of law, NextEra filed a suit for judicial review of the Commission's order in Travis County district court. *See* Tex. Util. Code § 15.001. The Commission filed a plea to the jurisdiction in which it asserted that the district court lacked jurisdiction over the suit for judicial review because (1) the order appealed from was not a final order subject to judicial review, *see* Tex. Gov't Code § 2001.171, and (2) TTHC's termination of the transaction at issue in Docket Number 47453 rendered the suit moot. NextEra filed a response to the plea to the jurisdiction in which it argued that the case

4

fell within an exception to the mootness doctrine for a special category of disputes that are "capable of repetition" while "evading review." *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (holding that, in rare circumstances, moot claims may fall under "capable of repetition, yet evading review" exception to mootness doctrine). NextEra also argued that the suit fell within a separate "public interest" exception to the mootness doctrine. *See University Interscholastic League v. Buchanan*, 848 S.W.2d 298, 303 (Tex. App.—Austin 1993, no writ) ("public interest" exception "allows appellate review of a question of considerable public importance if that question is capable of repetition between either the same parties or other members of the public but for some reason evades appellate review"); *see also Federal Deposit Ins. Corp. v. Nueces County*, 886 S.W.2d 766, 767 (Tex. 1994) (noting that Texas Supreme Court has not decided viability of public interest exception but not reaching issue). NextEra also asserted that the Commission's order represented a substantive determination regarding the application of PURA sections 39.262(*l*) and 39.915(a) that was subject to judicial review under the Administrative Procedures Act. *See* Tex. Gov't Code § 2001.171 ("A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.").

The district court rejected the Commission's assertion that the issues presented by the suit for judicial review were moot and denied the plea to the jurisdiction. After reviewing the merits of the suit, the district court affirmed the Commission's order dismissing the joint report and application for approval of the TTHC transaction. NextEra then perfected this appeal and, in three issues, challenges the Commission's order under the substantial evidence standard of review. *See id.* § 2001.174 (review under substantial evidence rule). In a cross point, the Commission asserts that the issues raised in this appeal are moot because TTHC terminated the transaction for

5

which the parties sought Commission approval.  The Commission also argues that the district court and this Court lack jurisdiction over the appeal because the Commission's order was not a "final decision" subject to judicial review under the Administrative Procedure Act.  *See id.* § 2001.171.

**DISCUSSION**

The parties agree that because TTHC terminated the transaction at issue in the underlying proceeding, the suit for judicial review and this appeal are moot.  The parties join issue, however, on whether the proceeding falls within an exception to the mootness doctrine.  NextEra argues that the proceeding falls within two exceptions to the mootness doctrine—the "capable of repetition, yet evading review" exception and the "public interest" exception.  The capable of repetition yet evading review exception applies in rare circumstances and to invoke it the plaintiff must demonstrate that: (1) the challenged action was too short in duration to be fully litigated before the action ceased or expired and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again.  *Lara*, 52 S.W.3d at 184; *see also Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (holding that exception applies "only in exceptional situations") (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).  Thus, the exception applies when the challenged action evades appellate review because the potentially recurring action that created the issue is of a short duration, and when a reasonable expectation exists that the complaining party will again be subject to the challenged action.  *Id.*

In the present case, the challenged action is the Commission's dismissal of NextEra and TTHC's joint report and application for approval based on its determination that PURA requires that an electric utility or a transmission and distribution utility itself submit the

6

relevant report regarding a proposed transaction.[1]  "When determining the 'evading review' element, the proper inquiry is whether the challenged activity is *by its very nature* short in duration so that it could not, or probably would not, be able to be adjudicated while fully live." *City of Dallas v. Woodfield*, 305 S.W.3d 412, 419 (Tex. App.—Dallas 2010, no pet.) (emphasis added).  The Commission's order is not by its nature, by its own terms, or by law so short in duration that it cannot be challenged in a suit for judicial review.  In fact, the order may not be modified in any way during the pendency of a suit for judicial review of the agency's decision. *See* Tex. Gov't Code § 2001.1775 ("Except as provided by Section 2001.175(c), an agency may not modify its findings or decision in a contested case after proceedings for judicial review of the case have been instituted under Section 2001.176 and during the time that the case is under judicial review.").  The Commission's order does not expire or cease to have effect before it can be fully litigated and, consequently, does not inherently evade review.  *Cf. Pharris v. State*, 165 S.W.3d 681, 688 (Tex. Crim. App. 2005) (holding that "no bond" order that is automatically set aside after sixty days evades review because sixty days is "too short a time period in which to fully and fairly litigate" it); *Ex parte Flores*, 130 S.W.3d 100, 105 (Tex. App.—El Paso 2003, pet. ref'd) (sixty-one day protective order evades review); *In re Cummings*, 13 S.W.3d 472, 475 (Tex. App.—Corpus Christi-Edinburg 2000, no pet.); *Houston Chronicle Publ'g Co. v. Crapitto*, 907 S.W.2d 99, 101-02 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding) (order excluding media from courtroom voir dire evaded review because duration of voir dire too short to permit complaining party to seek review by mandamus).  Significantly, in the present case, review of the Commission's order was mooted by actions taken by TTHC, one of the parties to the

---

[1]  In its briefing, NextEra describes the appeal as challenging "the Commission's statutory interpretation of who must file a report and application under Public Utility Regulatory Act (PURA) §§ 39.262(*l*) and 39.915(a)."

underlying proceeding. Exceptions to the mootness doctrine do not operate to preserve an appeal when the complaining party's own actions moot the claim. *See General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 572 (Tex. 1990) ("This exception was not created to preserve the right to appeal on behalf of the government when the complaining party abandons its claim for relief."). The Commission's order did not evade review; rather, TTHC, one of the parties to the administrative proceeding, chose to abandon the undertaking that gave rise to the controversy and rendered that controversy moot.

NextEra argues, however, that this case falls within the capable of repetition yet evading review exception doctrine and merits an advisory opinion because "transactions involving the sale, transfer or merger of electric utility assets (even ones involving a minority ownership interest) are time sensitive and cannot be maintained for the years-long time period required to complete the judicial review process." NextEra maintains that by their nature these transactions will typically be abandoned if not approved by the Commission in the first instance. The challenged action in this case is not the transaction itself but, rather, the Commission's decision that Oncor must be the party that files the report and application seeking approval. The duration of the transaction is therefore not relevant to whether the exception to the mootness doctrine applies. Furthermore, the fact that a particular proposed transaction cannot be maintained for the amount of time it takes to go through the regulatory review process is not a reason to create an exception to the mootness doctrine for legal issues related to that transaction. Rather, the "capable of exception, yet evading review" is for the rare circumstances when an allegedly incorrect decision evades review due to its own short duration. *See Mr. W. Fireworks, Inc. v. Comal County*, No. 03-06-00638-CV, 2010 WL 1253931 at *5 (Tex. App.—Austin Mar. 31, 2010, no pet.) (mem. op.) (challenge to expired order banning fireworks fell within

8

mootness exception because order only lasted for thirteen days, making it impossible for challenger to fully litigate matter before controversy became moot).

Moreover, NextEra does not explain how the time sensitive nature of transactions involving the sale, transfer, or merger of electric utility assets demonstrates that there is a reasonable expectation that it will be subject to the same Commission action again. NextEra presented no evidence that Oncor's failure to file the report is related to or results from the time sensitive nature of transactions involving the sale, transfer, or merger of electric utility assets or that the Commission's decision in this case, if unreviewed, would effectively foreclose future transactions. Parties seeking approval of such a transaction could simply negotiate as one of the terms of the transaction that the utility being acquired agree to file the report and application. The inability to secure such an agreement is a product of the relative bargaining power of the parties to the proposed transaction rather than an immutable feature of the transaction itself such that the Commission's decision would fall within an exception to the mootness doctrine and warrant an otherwise prohibited advisory opinion.

NextEra also argues that this case falls within the "public interest" exception to the mootness doctrine.[2] The "public interest" exception "allows appellate review of a question of considerable public importance if that question is capable of repetition between either the same parties or other members of the public but for some reason evades appellate review." *Buchanan*, 848 S.W.2d at 303. Like the "capable of repetition, yet evading review" exception, the "public interest" exception requires that the complained-of action be capable of repetition yet

---

[2] The Texas Supreme Court has not addressed the viability of a public interest exception to the mootness doctrine. *See Federal Deposit Ins. Corp. v. Nueces County*, 886 S.W.2d 766, 767 (Tex. 1994) (noting that supreme court has not previously decided viability of public interest exception and finding it unnecessary to reach that issue under facts of case).

9

not effectively reviewable.  *See Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 761-62 (Tex. App.—Fort Worth 2010, pet. denied) (discussing exceptions' "common element").  We have concluded that NextEra has not made this showing because the Commission's order is not by its nature so short in duration that it evades judicial review.  This conclusion forecloses application of the public interest exception to the mootness doctrine.  *See Federal Deposit Ins. Corp.*, 886 S.W.2d at 767; *Meeker*, 317 S.W.3d at 761-62.[3]

## CONCLUSION

We conclude that the issues presented in the underlying suit for judicial review and in this appeal are moot and do not fall within an exception to the mootness doctrine. Consequently, we vacate the trial court's judgment and dismiss this appeal for lack of subject matter jurisdiction.  *See Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 790 (Tex. 2006) (vacating underlying judgments in trial court and court of appeals and dismissing case as moot).

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Vacated and Dismissed for Want of Jurisdiction

Filed:  August 21, 2020

---

[3]  We also note that in its briefing to the Commission, Oncor described the transaction at issue in this case as a "unique" proposal because, unlike most sale, transfer, and merger transactions that involve "a sale or transfer of all ownership interests in a utility with generally straightforward governance structures," this case involves "the sale of a minority interest in a utility with a truly singular corporate governance and ownership structure."  The unique nature of this transaction would diminish the justification for applying the "public interest" exception to warrant an advisory opinion.