**Lynwood LESIKAR, Petitioner,**

v.

**Jenny Lou Lewis RAPPEPORT, Individually, and d/b/a L & G Oil Company, Fay Jeter Lewis, John Robbins, Dorothy Kennedy, Betty Lloyd, and H.R. McGookin, Respondents.**

No. 95–0015.

Supreme Court of Texas.

May 11, 1995.

Rehearing Overruled June 29, 1995.

S. Gary Werley, Kristin M. Jenkins, Fort Worth, for petitioner.

Jerry S. Harris, Gregory P. Grajczyk, Longview, for respondents.

PER CURIAM.

■ This is an appeal of an interlocutory order. In an unpublished opinion the court of appeals concluded that the order from which appeal was sought was a temporary restraining order, for which there is no provision for an interlocutory appeal, rather than a temporary injunction, from which an interlocutory appeal is statutorily authorized. The court of appeals dismissed the appeal for want of jurisdiction. The sole point in the application is that the court of appeals erred in holding it lacked jurisdiction. We have jurisdiction to determine whether the court of appeals correctly decided its jurisdiction over an interlocutory appeal. *Del Valle Ind.*

*School Dist. v. Lopez,* 845 S.W.2d 808, 809 (Tex.1992); *Long v. Humble Oil & Ref. Co.,* 380 S.W.2d 554, 555 (Tex.1964).

During the pendency of the appeal, the trial court has heard the temporary injunction application and granted a temporary injunction effectively converting the temporary restraining order into a temporary injunction. Respondents urge this makes the appeal moot. That is true only if all matters in controversy between the parties which depend upon the validity of the extension order have been otherwise resolved.

■ Today we have held that the contempt judgment rendered against Lesikar for violating the extension order is otherwise void, and we have ordered him discharged from custody. *Ex parte Lesikar,* 899 S.W.2d 654. This is the only matter appearing of record which may be affected by the validity vel non of the extension order. With our disposition of this companion habeas corpus proceeding, we agree the matters in controversy are now moot.

Without hearing argument, a majority of the court grants the application for writ of error and, without reference to the merits, dismisses the cause as moot. TEX. R. APP. P. 170.