TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00144-CV






University of Texas, Appellant



v.



Joscelin Yeo, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. GN200916, HONORABLE PAUL DAVIS, JUDGE PRESIDING






PER CURIAM


 The district court granted a temporary restraining order in favor of appellee Joscelin
Yoe and has set a hearing on the temporary injunction for April 2, 2002. The appellant The
University of Texas at Austin has filed a notice of appeal complaining about the district court's
temporary restraining order. Generally, interlocutory orders are not appealable. However, in some
instances, Texas statutes provide an appeal from certain interlocutory orders. (1) See, e.g., Tex. Civ.
Prac. & Rem. Code Ann. § 51.014 (West Supp. 2002); Civ. Prac. & Rem. Code Ann. § 171.098(a)
(West Supp. 2002). No statutory provision provides that temporary restraining orders are appealable
orders. Moreover, temporary restraining orders, unless extended, expire by operation of law after
fourteen days. Tex. R. Civ. P. 680. Thus, we conclude that this temporary restraining order is not
appealable. See Lesikar v. Rappeport, 899 S.W.2d 654, 655 (Tex. 1995); Ex Parte Tucci, 859
S.W.2d 1, 2 n.4 (Tex. 1993); Ohlhausen v. Thompson, 704 S.W.2d 434, 436 (Tex. App.--Houston
[14th Dist.] 1986, no writ) (citing Arvol D. Hays Constr. Co. v. R & M Agency Corp., 471 S.W.2d
628, 629 (Tex. Civ. App.--Fort Worth 1971, writ ref'd n.r.e.)). 

 Because this Court is without jurisdiction, we dismiss the appeal for want of
jurisdiction. See Tex. R. App. P. 2, 42.3(a). 


Before Chief Justice Aboussie, Justices Kidd and Onion*

Dismissed For Want of Jurisdiction

Filed: March 22, 2002

Do Not Publish




















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   For instance, temporary injunctions are subject to an interlocutory appeal. See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(4) (West Supp. 2002).