COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-173-CV

 

 

JEFFREY D. WESTBROOK                                                     APPELLANT

 

                                                   V.

 

DAVID F.
FONDREN, FRANK D. 

HOKE, GARY L. JOHNSON, JOHN 

PATRICK, RODNEY COOPER, GARY 

WEST, DEBORAH FORD, JAMES 

MOONEYHAM, JIMMY WEBB, 

PRISCILLA MORALES, JIMMY 

BOWMAN, VICKIE BARROW, KELLI 

WARD, PATSY BELL, DANNY 

HORTON, ROY MONROE, AND 

SHERILYN TRENT                                                                 APPELLEES

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Jeffrey D. Westbrook, pro se, attempts
to appeal from the denial of a temporary restraining order (ATRO@).  We dismiss the appeal for want of
jurisdiction.  Because he also requests
that we allow him to convert this appeal into a mandamus if we dismiss it for
want of jurisdiction, we do so in the interest of judicial efficiency and deny
mandamus relief.

                            I.
 Dismissal for Want of Jurisdiction

On July 15, 2009, we notified the parties that it
appeared that this court might lack jurisdiction because it appeared that
Westbrook was attempting to appeal from the denial of a temporary restraining
order.  Our letter also stated that
unless Westbrook or any party desiring to continue the appeal filed, on or
before July 27, 2009, a response showing grounds for continuing the appeal,
this attempted appeal would be dismissed for want of jurisdiction.  See Tex. R. App. P. 42.3(a).  Westbrook filed a response, complaining that
the order was the denial of both a hearing on a TRO and a preliminary
injunction.








The order from which Westbrook attempts to appeal
is on his May 4, 2009 motion, entitled AThird
Reiterated Request for Emergency TRO and Preliminary Injunction.@  In his motion, he requested an emergency TRO
and a preliminary injunction Ato stop
the destruction of his illegally confiscated [law] books and legal [materials],
AND to order the Defendants to immediately[] [a]nd permanently return all
confiscated books [and] legal materialsCand to
permanently refrain from fu[ture] confiscations.@[2]  He also requested that the trial court order
the appellees to grant him permission to store his books in his bunk lockers or
to issue him a metal legal storage locker, and to permanently enjoin the
appellees= ASpecial
Emergency Legal [M]aterials [M]anagement [P]olicy,@ which
he alleges was being applied only to him and which prevented him from removing
any law books from his lockers.  Finally,
he asked that, if the trial judge, the Honorable Mark T. Price, could not or
would not grant these requests, he Arecuse
himself and assign the lawsuit to an impartial Judge who will immediately grant
all relief requested.@








On May 13, 2009, Judge Price filed a notice of
voluntary recusal, and Judge Robert P. Brotherton was assigned to address
Westbrook=s motion.  Judge Brotherton issued an order on May 14,
2009, entitled, AOrder Denying Plaintiff=s Third
Reiterated Request for Emergency TRO,@ finding
that Westbrook=s request for an emergency
temporary restraining order should be denied, and stating, AIT IS,
THEREFORE, ORDERED that the Plaintiff=s Third
Reiterated Request for Emergency TRO is DENIED.@

It appears from Westbrook=s motion
that he requested the following: 
(1) a temporary restraining order; (2) a preliminary injunction;
(3) a permanent injunction; and alternatively (4) a recusal of the trial
judge.  However, the order from which he
attempts to appeal addressed only the temporary restraining order.[3]  Because Westbrook sought other relief that
remains pending in the trial court, the ruling from which he seeks to appeal is
interlocutory.








Generally, a party may appeal only from a final
judgment, and to be final and appealable, a judgment must dispose of all issues
and parties in a case.  Lehman v. Har‑Con
Corp., 39 S.W.3d 191, 192B93 (Tex.
2001).  It is well settled that appellate
courts have jurisdiction to consider immediate appeals of interlocutory orders
only if a statute specifically provides for appellate jurisdiction.  See Stary v. DeBord, 967 S.W.2d 352,
352B53 (Tex.
1998).  A person may appeal from an
interlocutory order that grants or refuses a temporary injunction or grants or
overrules a motion to dissolve a temporary injunction.  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(4)
(Vernon 2008).  However, while an
interlocutory appeal from the grant or denial of a temporary injunction is
allowed, no statutory provision permits an appeal from the grant or denial of a
temporary restraining order.  See
Lesikar v. Rappeport, 899 S.W.2d 654, 655 (Tex. 1995); Nikolouzos v. St.
Luke=s Episcopal Hosp., 162
S.W.3d 678, 680B81 (Tex. App.CHouston
[14th Dist.] 2005, no pet.).  Thus, the
grant or denial of a temporary restraining order is generally not
appealable.  See In re Tex. Nat. Res.
Conservation Comm=n, 85
S.W.3d 201, 205 (Tex. 2002); Nikolouzos, 162 S.W.3d at 680B81.

On its face, the order does not reflect that the
trial court ruled on the portion of Westbrook=s motion
requesting a preliminary injunction or any portion of the motion other than the
temporary restraining order.  Because we
have no statutory authorization to review a trial court=s
interlocutory order denying a temporary restraining order, we dismiss this
appeal for want of jurisdiction.  See
Tex. R. App. P. 42.3(a), 43.2(f); see also Ahmed v. Shimi Ventures, L.P.,
99 S.W.3d 682, 688 (Tex. App.CHouston
[1st Dist.] 2003, no pet.) (AGenerally,
we have jurisdiction to hear an appeal from an interlocutory order only if a
statute explicitly makes the order appealable.@).








                                II.  Denial of Mandamus Relief

Westbrook requested in his response to this court=s July
15, 2009 jurisdiction letter that he be allowed to Aconvert@ this
appeal to a petition for writ of mandamus Athat
will order [the] Trial Court to grant injunctive relief@ if we
dismissed this appeal for want of jurisdiction. 
Therefore, in the interest of judicial efficiency, the court has given
the documents filed in the appeal consideration as a petition for writ of
mandamus and is of the opinion that all relief should be denied.  Accordingly, Westbrook=s
petition for writ of mandamus is denied.

 

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and WALKER, J.

DELIVERED: September 10, 2009











[1]See Tex. R. App. P. 47.4.





[2]Since Westbrook filed
this suit for property conversion in 2002 or 2003, the record reflects that
Westbrook has filed at least four other motions for a TRO and preliminary
injunction.  Westbrook also is no
stranger to this court.  See In re
Westbrook, No. 02‑08‑00204‑CV, 2008 WL 2330929, at *1
(Tex. App.CFort Worth June 5, 2008,
orig. proceeding); Westbrook v. Horton, No. 02-06-00169-CV, 2007 WL 1299247,
at *1 (Tex. App.CFort Worth May 3, 2007,
no pet.) (mem. op., not designated for publication); Westbrook v. Treon,
No. 02-03-00317-CV, 2004 WL 2914288, at *1 (Tex. App.CFort Worth Dec. 16, 2004,
no pet.) (mem. op., not designated for publication); In re Westbrook,
No. 02‑03‑00187‑CV, 2003 WL 21513478, at *1 (Tex. App.CFort Worth July 1, 2003,
orig. proceeding).





[3]Furthermore, in his
petition on his underlying conversion claim, Westbrook seeks compensatory and
exemplary damages as well as a preliminary injunction for the issuance of two
lockers and return of his books, and a permanent injunction for the issuance of
two lockers, return of his books, and a permanent end to future confiscations.