

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-173-CV

JEFFREY D. WESTBROOK                                          APPELLANT

V.

DAVID F. FONDREN, FRANK D.
HOKE, GARY L. JOHNSON, JOHN
PATRICK, RODNEY COOPER, GARY
WEST, DEBORAH FORD, JAMES
MOONEYHAM, JIMMY WEBB,
PRISCILLA MORALES, JIMMY
BOWMAN, VICKIE BARROW, KELLI
WARD, PATSY BELL, DANNY
HORTON, ROY MONROE, AND
SHERILYN TRENT                                               APPELLEES

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

---

[1] ... *See* Tex. R. App. P. 47.4.

Appellant Jeffrey D. Westbrook, pro se, attempts to appeal from the denial of a temporary restraining order ("TRO"). We dismiss the appeal for want of jurisdiction. Because he also requests that we allow him to convert this appeal into a mandamus if we dismiss it for want of jurisdiction, we do so in the interest of judicial efficiency and deny mandamus relief.

## I. Dismissal for Want of Jurisdiction

On July 15, 2009, we notified the parties that it appeared that this court might lack jurisdiction because it appeared that Westbrook was attempting to appeal from the denial of a temporary restraining order. Our letter also stated that unless Westbrook or any party desiring to continue the appeal filed, on or before July 27, 2009, a response showing grounds for continuing the appeal, this attempted appeal would be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Westbrook filed a response, complaining that the order was the denial of both a hearing on a TRO and a preliminary injunction.

The order from which Westbrook attempts to appeal is on his May 4, 2009 motion, entitled "Third Reiterated Request for Emergency TRO and Preliminary Injunction." In his motion, he requested an emergency TRO and a preliminary injunction "to stop the destruction of his illegally confiscated [law] books and legal [materials], AND to order the Defendants to immediately[] [a]nd permanently return all confiscated books [and] legal materials—and to

2

permanently refrain from fu[ture] confiscations."[2] He also requested that the trial court order the appellees to grant him permission to store his books in his bunk lockers or to issue him a metal legal storage locker, and to permanently enjoin the appellees' "Special Emergency Legal [M]aterials [M]anagement [P]olicy," which he alleges was being applied only to him and which prevented him from removing any law books from his lockers. Finally, he asked that, if the trial judge, the Honorable Mark T. Price, could not or would not grant these requests, he "recuse himself and assign the lawsuit to an impartial Judge who will immediately grant all relief requested."

On May 13, 2009, Judge Price filed a notice of voluntary recusal, and Judge Robert P. Brotherton was assigned to address Westbrook's motion. Judge Brotherton issued an order on May 14, 2009, entitled, "Order Denying Plaintiff's Third Reiterated Request for Emergency TRO," finding that

---

[2]... Since Westbrook filed this suit for property conversion in 2002 or 2003, the record reflects that Westbrook has filed at least four other motions for a TRO and preliminary injunction. Westbrook also is no stranger to this court. *See In re Westbrook*, No. 02-08-00204-CV, 2008 WL 2330929, at *1 (Tex. App.—Fort Worth June 5, 2008, orig. proceeding); *Westbrook v. Horton*, No. 02-06-00169-CV, 2007 WL 1299247, at *1 (Tex. App.—Fort Worth May 3, 2007, no pet.) (mem. op., not designated for publication); *Westbrook v. Treon*, No. 02-03-00317-CV, 2004 WL 2914288, at *1 (Tex. App.—Fort Worth Dec. 16, 2004, no pet.) (mem. op., not designated for publication); *In re Westbrook*, No. 02-03-00187-CV, 2003 WL 21513478, at *1 (Tex. App.—Fort Worth July 1, 2003, orig. proceeding).

Westbrook's request for an emergency temporary restraining order should be denied, and stating, "IT IS, THEREFORE, ORDERED that the Plaintiff's Third Reiterated Request for Emergency TRO is DENIED."

It appears from Westbrook's motion that he requested the following: (1) a temporary restraining order; (2) a preliminary injunction; (3) a permanent injunction; and alternatively (4) a recusal of the trial judge. However, the order from which he attempts to appeal addressed only the temporary restraining order.[3] Because Westbrook sought other relief that remains pending in the trial court, the ruling from which he seeks to appeal is interlocutory.

Generally, a party may appeal only from a final judgment, and to be final and appealable, a judgment must dispose of all issues and parties in a case. *Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). It is well settled that appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute specifically provides for appellate jurisdiction. *See Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). A person may appeal from an interlocutory order that grants or refuses a

---

[3] ... Furthermore, in his petition on his underlying conversion claim, Westbrook seeks compensatory and exemplary damages as well as a preliminary injunction for the issuance of two lockers and return of his books, and a permanent injunction for the issuance of two lockers, return of his books, and a permanent end to future confiscations.

4

temporary injunction or grants or overrules a motion to dissolve a temporary injunction.  Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 2008).  However, while an interlocutory appeal from the grant or denial of a temporary injunction is allowed, no statutory provision permits an appeal from the grant or denial of a temporary restraining order.  *See Lesikar v. Rappeport*, 899 S.W.2d 654, 655 (Tex. 1995); *Nikolouzos v. St. Luke's Episcopal Hosp.*, 162 S.W.3d 678, 680–81 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  Thus, the grant or denial of a temporary restraining order is generally not appealable. *See In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002); *Nikolouzos*, 162 S.W.3d at 680–81.

On its face, the order does not reflect that the trial court ruled on the portion of Westbrook's motion requesting a preliminary injunction or any portion of the motion other than the temporary restraining order.  Because we have no statutory authorization to review a trial court's interlocutory order denying a temporary restraining order, we dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f); *see also Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 688 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("Generally, we have jurisdiction to hear an appeal from an interlocutory order only if a statute explicitly makes the order appealable.").

## II. Denial of Mandamus Relief

Westbrook requested in his response to this court's July 15, 2009 jurisdiction letter that he be allowed to "convert" this appeal to a petition for writ of mandamus "that will order [the] Trial Court to grant injunctive relief" if we dismissed this appeal for want of jurisdiction. Therefore, in the interest of judicial efficiency, the court has given the documents filed in the appeal consideration as a petition for writ of mandamus and is of the opinion that all relief should be denied. Accordingly, Westbrook's petition for writ of mandamus is denied.

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and WALKER, J.

DELIVERED: September 10, 2009

6