# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### ON REHEARING

---

### NO. 03-20-00466-CV

**Robert Joseph Yezak, Appellant**

**v.**

**Jeana A. Riley, Appellee**

---

### NO. 03-21-00042-CV

**In re Robert Joseph Yezak**

---

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CV40,354, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

We withdraw our previous opinion and judgment issued on December 30, 2020, and substitute the following opinion and judgment in their place. We deny the motion for rehearing filed by appellant Robert Joseph Yezak. We dismiss Yezak's appeal for want of jurisdiction. Because Yezak also requests that we consider this appeal as a petition for writ of

mandamus in the alternative, we do so in the interest of judicial efficiency and deny mandamus relief.

## I.  Dismissal for want of jurisdiction

Yezak filed a notice of appeal from the trial court's September 1, 2020 order denying appellant's request for a temporary restraining order.  Upon initial review, the Clerk of this Court sent Yezak a letter informing him that this Court appears to lack jurisdiction over the appeal because our jurisdiction is limited to appeals in which there exists a final or appealable judgment, or in the case of an interlocutory order, there is a statute that provides for an interlocutory appeal.  An order denying a request for temporary restraining order is neither.  *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (absent explicit statutory authority, appellate courts lack jurisdiction to consider immediate appeals of interlocutory orders); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (specifically permitting appeal of various interlocutory orders but not permitting appeal from grant or denial of temporary restraining order).  The Clerk requested a response on or before December 10, 2020, informing this Court of any basis that exists for jurisdiction.  When we issued our initial opinion on December 30, 2020, the Court had not received a response from Yezak.

On January 4, 2021, the Court received a response from Yezak indicating that he did not receive the Court's letter until December 9, 2020, making it impossible for him to respond by December 10, 2020.  The envelope was postmarked December 15, 2020.  Under what is referred to as the "prisoner-mailbox rule," an incarcerated pro se litigant's legal instruments

2

are deemed filed "at the time the prison authorities duly receive the document to be mailed." *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (per curiam); *see also Houston v. Lack*, 487 U.S. 266, 276 (1988) (adopting same rule before Federal Rule of Appellate Procedure was amended to reflect Supreme Court's holding in *Houston*); *Campbell v. State,* 320 S.W.3d 338, 344 (Tex. Crim. App. 2010) (adopting prisoner-mailbox rule for pro se inmate filings in criminal appeals); *Ramos v. Richardson*, 228 S.W.3d 671, 673-74 (Tex. 2007) (per curiam) (extending prisoner-mailbox rule to civil suits filed by pro se inmates outside of context of Inmate Litigation Act, Tex. Civ. Prac. & Rem. Code §§ 14.001-.014). The rationale underlying this rule is that "an inmate who does everything necessary to satisfy timeliness requirements must not be penalized if the document is ultimately filed tardily because of an error on the part of officials over whom the inmate has no control." *See Ramos*, 228 S.W.3d at 673.

Yezak stated in his response that he was submitting the response on December 9, 2020. Therefore, we consider his response timely filed and address it here. *See id.* (concluding that petitioners' statements that "notices of appeal were placed in the 'outgoing prison mailbox'" on March 9, 2005, satisfied their burden to provide "some measure of proof that their notices of appeal were placed in the United States mail on or before March 21, 2005"). Yezak argues in his response that his application to the trial court for a temporary restraining order "was the only means available for an injunction against [the allegedly illegal nonjudicial foreclosure]" and that because it was "the only method available of preventing the wrongful foreclosure from taking place, the denial becomes an act of final judgment."

As we explained in our initial letter to Yezak questioning our jurisdiction, an order ruling on an application for temporary restraining order is not a final judgment that disposes of all claims and parties. In his petition, in addition to the temporary restraining order,

3

Yezak sought a temporary injunction, compensatory and statutory damages, and attorney's fees. The trial court's September 1, 2020 order addresses only Yezak's application for a temporary restraining order. The ruling from which Yezak seeks to appeal is interlocutory, not final, because he seeks other relief that remains pending in the trial court. *See Westbrook v. Fondren*, No. 02-09-173-CV, 2009 WL 2914311, at *1 (mem. op.) (Tex. App.—Fort Worth Sept. 10, 2009, no pet.).

"Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction." *Stary v. DeBord*, 967 S.W.2d at 352-53; *see also* Tex. Civ. Prac. & Rem. Code § 51.014. No statutory provision permits an appeal from the grant or denial of a temporary restraining order.[1] *See Lesikar v. Rappeport*, 899 S.W.2d 654, 655 (Tex. 1995); *Nikolouzos v. St. Luke's Episcopal Hosp.,* 162 S.W.3d 678, 680-81 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Thus, the grant or denial of a temporary restraining order is generally not appealable. *See In re Tex. Nat. Res. Conservation Comm'n,* 85 S.W.3d 201, 205 (Tex. 2002) (addressing grant of temporary restraining order); *Nikolouzos,* 162 S.W.3d at 680-81. While whether an order is a nonappealable temporary restraining order or an appealable temporary injunction depends on the order's characteristics and function, not its title, *Nikolouzos,* 162 S.W.3d at 680-81, in this case the order concerns only Yezak's application for a temporary restraining order. It contains blanks for a hearing to be set on Yezak's application for a temporary injunction, and the trial court denied the temporary restraining order without a

---

[1] "A temporary restraining order is one entered as part of a motion for a temporary injunction, by which a party is restrained pending the hearing of the motion. A temporary injunction is one which operates until dissolved by an interlocutory order or until the final hearing." *Del Valle I.S.D. v. Lopez,* 845 S.W.2d 808, 809 (Tex. 1992) (quoting *Brines v. McIlhaney*, 596 S.W.2d 519, 524 (Tex. 1980)).

4

hearing. Accordingly, the trial court's order is a nonappealable interlocutory order, and therefore, we dismiss the appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 42.3(a).

## II. Motion for rehearing and petition for writ of mandamus

After receiving the Court's December 30, 2020 opinion on January 6, 2021, Yezak sent a response to the Court, which in substance is a motion for rehearing. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) ("[W]e look to the substance of a motion to determine the relief sought, not merely to its title."). The motion for rehearing reurges the same arguments disposed of above. We deny the motion for rehearing.

In the alternative, Yezak requests that we consider his interlocutory appeal as a petition for writ of mandamus. In the interest of judicial efficiency, we have given the documents filed in the appeal consideration as a petition for writ of mandamus. The Court denies the petition for writ of mandamus.[3] *See* Tex. R. App. P. 52.8(a), (d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *see also Westbrook*, 2009 WL 2914311, at *2.

_____

Gisela D. Triana, Justice

_____

[2] We note that Yezak states in his response that the foreclosure of the property has already occurred, likely rendering Yezak's request for a temporary restraining order to stop the foreclosure moot. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."). Yezak acknowledges as much in his response letter and his motion for rehearing by stating that a wrongful-foreclosure suit becomes available after the foreclosure occurs (as opposed to a suit for injunctive relief before the foreclosure occurs).

[3] The Court denies Yezak's request that we file a notice of appeal for him with the Texas Supreme Court. Yezak must file directly with the Texas Supreme Court if he wishes to seek review of this Court's rulings on his appeal and his mandamus.

Before Justices Goodwin, Triana, and Smith

03-20-00466-CV, Dismissed for Want of Jurisdiction

03-21-00042-CV, Petition for Writ of Mandamus Denied

Filed: January 29, 2021