# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00602-CV

---

**In re Lauren Ashley Alleman**

---

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator Lauren Ashley Alleman has filed a petition for writ of mandamus in a suit affecting parent-child relationship (SAPCR) challenging a temporary restraining order issued by the trial judge after Alleman had filed a motion to recuse that trial judge. Alleman requests that this Court issue a writ of mandamus (1) commanding the trial judge to recuse herself and (2) vacating the August 31, 2023 temporary restraining order (TRO). For the reasons explained below, we dismiss the mandamus petition as moot in part and deny it in part.

Based on the trial court's ruling in another SAPCR concerning Alleman's other child, real party in interest David James Keese requested a similar TRO for his and Alleman's children by letter to the trial court on August 25, 2023, and informed the trial court of his intent to file a motion and set it for hearing unless the trial court intended to move forward with a sua sponte order. Alleman then filed her motion to recuse the trial judge on August 28, 2023. Keese filed his "Motion for Emergency/Additional Temporary Orders" on August 30, 2023, and the trial court conducted a hearing on that motion on August 31, 2023. Alleman received notice of the hearing but did not appear. The trial court made a finding in the TRO that "there is a serious immediate question concerning the welfare of the minor children in this cause and there is now and will

continue to be a substantial risk of immediate physical or mental harm to the children if the children have unsupervised contact with Lauren Ashley Alleman." The TRO was set for further hearing on September 13, 2023. A different trial judge signed an order on September 13, extending the TRO and resetting the hearing for September 19. That trial judge signed a second order on an amended motion to extend the TRO on September 19, finding good cause existed for extension of the TRO because the motion for recusal was pending. The extension order set a hearing for October 3, 2023, to determine whether the temporary restraining order should be made a temporary injunction pending final hearing and whether an additional temporary injunction sought should be granted.

The motion to recuse was subsequently heard by the regional presiding judge and denied on October 2. Alleman failed to appear at the October 2 hearing on the motion to recuse and at the October 3 hearing to determine whether the TRO should be made into a temporary injunction. Immediately after the October 3 hearing on the motion for temporary orders before the trial judge, the trial judge granted temporary orders that also contained a temporary injunction. Alleman filed her petition for writ of mandamus in this Court after the close of business on October 3—after both the motion-to-recuse hearing and the temporary-injunction hearing had been conducted and after both orders had been issued.

As Keese argues in his response to the petition for writ of mandamus, the TRO was no longer in force after the trial court granted the temporary injunction and temporary orders (which occurred after the motion to recuse was denied), rendering Alleman's request to vacate the TRO moot. *See In re Texas State Univ.*, No. 03-19-00364-CV, 2019 WL 2707971, at *1 (Tex. App.—Austin June 27, 2019, orig. proceeding) (mem. op.) (holding that expiration of TRO rendered relators' challenge of TRO moot); *see also Lesikar v. Rappeport*, 899 S.W.2d 654, 655 (Tex. 1995) (per curiam) (holding that trial court's grant of temporary injunction while appeal was

2

pending effectively converted TRO into temporary injunction and rendered moot appeal challenging court of appeals' decision that held trial court's challenged order was TRO for which there is no interlocutory appeal). Because the portion of the mandamus proceeding challenging the TRO is moot, we lack jurisdiction to determine (1) whether, as Alleman contends, the TRO was void because the trial judge violated Rule 18a by taking action in the case after the motion to recuse was filed, *see id.* R. 18a(f)(2)(A) (establishing that "[i]f a motion is filed before evidence has been offered at trial, the respondent judge must take no further action in the case until the motion has been decided, except for good cause stated in writing or on the record");[1] or (2) whether, as Keese contends, the trial court took action for good cause stated in writing or on the record, *see id.*

As for Alleman's request that we issue a writ of mandamus commanding the trial judge to recuse herself, Rule 18a provides that "[a]n order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." Tex. R. Civ. P. 18a(j)(1)(A). Accordingly, we deny Alleman's petition for writ of mandamus seeking recusal of the trial judge.

On this record and under the specific circumstances of this case, we dismiss the petition for writ of mandamus as moot in part and deny it in part. *See* Tex. R. App. P. 52.8(a). We also dismiss as moot Alleman's emergency motion for temporary relief.

_____

Gisela D. Triana, Justice

---

[1] *See also* Tex. R. Civ. P. 18a(f)(3) ("If the respondent judge fails to comply with a duty imposed by this rule, the movant may notify the regional presiding judge."). Nothing in the record indicates that Alleman notified the regional presiding judge of the trial judge's alleged failure to comply with Rule 18a.

Before Justices Baker, Triana, and Smith

Filed:   December 22, 2023