**Loan Thi Hoang NGO, Appellant,**

v.

**Son Duc NGO, Appellee.**

**No. 13–01–603–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 21, 2003.

Cindy L. Buckner, Rockport, Pete Mai, Tammy Tran, Houston, for Appellant.

Patricia A. Asack, Rockport, for Appellee.

Before Chief Justice VALDEZ and Justices YAÑEZ and CASTILLO.

## OPINION

Opinion by Chief Justice VALDEZ.

Appellant, Loan Thi Hoang Ngo, appeals from a final divorce decree. Through two issues, she argues the trial court erred in dividing custody of her four children and in denying her counsel's request for continuance. We affirm.

### Facts and Procedural History

After eighteen years of marriage to the appellant, the appellant's husband/appellee, Son Duc Ngo, filed for divorce in 2000. Appellant answered with a counterpetition for divorce. Both parties agreed to postpone the original trial date of July 5, 2000, due to a conflict in the appellee's counsel's schedule. On April 18, 2001, notice of the new trial date of May 22, 2001, was mailed to the parties' respective counsel. Counsel for appellant informed her, both in writing and orally, about the May 22, 2001, trial date. The morning before the trial, appellant's counsel learned from a friend of appellant of the appellant's doctor's appointment on the day of the trial, but did not attempt to contact appellant until after the trial. Appellant had known of her appointment since May 14, 2001, but did not attend the May 22, 2001, trial.

Appellant's counsel moved twice for a continuance during the bench trial. The trial court denied both motions, heard the appellee's testimony, and granted the divorce. The appellee was awarded custody of the oldest child, and appellant was awarded custody of the three younger children. The trial court did not file, nor did the parties request, findings of facts or conclusions of law.

Appellant filed a motion for a new trial, which was denied as a matter of law. She argues, through two points of error, that the trial court erred in: (1) dividing custody without clear and compelling reasons, and by (2) denying her counsel's requests for a continuance.

The trial court has wide discretion in awarding custody, *Pena v. Pena,* 8 S.W.3d 639, 639 (Tex.1999), and in determining a child's best interests. *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex. 1982); *see also* Tex. Fam.Code Ann. § 153.002 (Vernon 2002). An appellant must show a clear abuse of discretion to

successfully challenge a division of custody. *Gillespie,* 644 S.W.2d at 451.

### Division of Custody

▮ In her first point of error, appellant argues the trial court abused its discretion in dividing custody. Custody of children of a marriage should not be divided except for clear and compelling reasons. *Zuniga v. Zuniga,* 664 S.W.2d 810, 812 (Tex.App.-Corpus Christi 1984, no writ). However, under the mootness doctrine, a justiciable controversy must exist between the parties at every stage of the legal proceedings, including the appeal. *Williams v. Lara,* 52 S.W.3d 171, 184 (Tex. 2001). An issue becomes moot when the controversy ceases to exist, and courts have no jurisdiction to issue advisory opinions under the Texas Constitution. *Valley Baptist Med. Ctr. v. Gonzalez,* 33 S.W.3d 821, 822 (Tex.2000). Because Thuan, the only child awarded to appellee, has reached the age of majority,[1] appellant now has custody of all the children. As such, the divided-custody issue is moot, provided no exceptions apply.

▮ Texas courts recognize three exceptions to mootness: (1) capable of repetition while avoiding review, (2) collateral consequences, and (3) public interest. *Fed. Deposit Ins. Corp. v. Nueces County,* 886 S.W.2d 766, 767 (Tex.1994) (recognizing the first two exceptions); *Univ. Interscholastic League v. Buchanan,* 848 S.W.2d 298, 304 (Tex.App.-Austin 1993, no writ) (recognizing the public-interest exception to the mootness doctrine).

### A. Repetition Exception

▮ The repetition exception applies when the issue avoids appellate review because the potentially recurring act which creates the issue is of a short duration, and when a reasonable expectation exists that the "complaining party" will again be subject to the act. *Lara,* 52 S.W.3d at 184. The act in this case is the division of custody. Because of the stringent requirements to justify a change in custody, we cannot say that a division of custody is an act of such short duration that judicial review is precluded. *Jones v. Cable,* 626 S.W.2d 734, 736 (Tex.1981) (stating that to successfully change a custody order, the appellant must show that changes in the situation and character of the custodians are so material and substantial as to make a change in custody in the child's best interest); *see also* TEX. FAM.CODE ANN. § 156.101 (Vernon 2002) (providing grounds for modification of order establishing conservatorship or possession and access). As such, the repetition exception is inapplicable.

### B. Collateral–Consequences Exception

▮ The collateral-consequences exception applies when prejudicial effects of an event are not absolved by dismissing the issue as moot. *Gen. Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 571 (Tex.1990). The Texas Supreme Court in *OXY U.S.A., Inc.* notes that the collateral-consequences exception applies when the prejudicial effects continue "to stigmatize helpless or hated individuals long after the unconstitutional judgment has ceased to operate." *Id.* For example, involuntary commitment to a mental hospital was found to be stigmatizing, *State v. Lodge,* 608 S.W.2d 910, 912 (Tex.1980), adjudication as a juvenile delinquent was found to have "deleterious collateral effects and le-

---

1. According to the final decree of divorce, Thuan was born on February 17, 1984, thereby reaching the age of majority on February 17, 2002. Unless provided otherwise in the Texas Alcoholic Beverage Code, the age of majority in Texas is 18 and has been since 1973. *Smith v. Merritt,* 940 S.W.2d 602, 606 (Tex.1997); *see also* FAM.CODE ANN. § 152.102(2) (Vernon 2002) (defining "child" as individual less than 18 years of age).

gal consequences," *Carrillo v. State,* 480 S.W.2d 612, 617 (Tex.1972), and being a subject of a protective order has legal repercussions and a social stigma. *In re Cummings,* 13 S.W.3d 472, 475 (Tex.App.-Corpus Christi 2000, no pet.).

Because a custody order is not like one for involuntary commitment or juvenile delinquency, which may stigmatize if not addressed by appeal, and because this case presents neither helpless nor hated individuals facing some stigma, such as one wrongfully convicted of a crime, the collateral-consequences exception is inapplicable to this case. *See Spring Branch I.S.D. v. Reynolds,* 764 S.W.2d 16, 19 (Tex.App.-Houston [1st Dist.] 1988, no writ) (finding no stigma in not receiving a track medal when prevented from participating in high-school track-and-field competition).

### C. *Public–Interest Exception*

The public-interest exception allows appellate review of an issue of considerable public importance if that issue is capable of repetition between either the same parties or other members of the public, but for some reason evades appellate review. *Texas Dep't of Pub. Safety v. LaFleur,* 32 S.W.3d 911, 914 (Tex.App.-Texarkana 2000, no pet.). If courts have previously considered the issue, then it does not evade appellate review. *See F.D.I.C. v. Nueces County,* 886 S.W.2d 766, 767 (Tex.1994) (the public-interest exception does not apply to the issue of whether certain liens are property because

courts have previously addressed that issue on its merits).

In the present case, the issue is whether the trial court abused its discretion in dividing custody. Many courts have addressed that issue on its merits.[2] Thus, the public-interest exception does not apply here because the issue does not evade appellate review.[3]

Having determined that the divided-custody issue is moot and that none of the exceptions apply, we need not decide whether the trial court erred in dividing custody. *Speer v. Presbyterian Children's Home & Serv. Agency,* 847 S.W.2d 227, 229 (Tex.1993) ("Dismissal for mootness is not a ruling on the merits."). Appellant's first point of error is overruled.

### *Denial of Continuance*

Appellant argues in her second point of error that the trial court erred in denying the request for a continuance. Appellant argues that her friend's phone call advising counsel that she could not make the hearing due to a doctor's appointment constitutes sufficient evidence to support her request for a continuance. This information was elicited by counsel upon questioning by the trial court as to appellant's absence.

Granting or denying a motion for continuance is within the trial court's sound discretion. *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex.1986). Unless the record shows a clear abuse of discretion,

---

2.  *Renfro v. Renfro,* 497 S.W.2d 807, 808 (Tex. Civ.App.-Waco 1973, no writ) (finding no abuse of discretion in division of custody); *Ponder v. Rice,* 479 S.W.2d 90, 95 (Tex.Civ. App.-Dallas 1972, no writ) (finding abuse); *Liska v. Hall,* 357 S.W.2d 601, 603 (Tex.Civ. App.-Dallas 1962, no writ) (finding no abuse); *Bartlett v. Bartlett,* 293 S.W.2d 508, 513 (Tex. Civ.App.-Amarillo 1956, writ ref'd n.r.e.) (finding no abuse); *Rousseau v. Rousseau,*

268 S.W.2d 556, 557–58 (Tex.Civ.App.-Waco 1954, no writ) (finding no abuse).

3.  We note that the validity of the public-interest exception has been questioned. *Olson v. Comm'n for Lawyer Discipline,* 901 S.W.2d 520, 523 n. 2 (Tex.App.-El Paso 1995, no pet.) (not applying the exception because the Texas Supreme Court has refused to consider its validity).

we will not reverse a trial court's decision. *Id.*

The absence of a party, by itself, is not sufficient to entitle her to a continuance. *Brown v. Brown,* 599 S.W.2d 135, 137 (Tex.Civ.App.-Corpus Christi 1980, no writ). The appellant must show that the denial resulted in her prejudice and that she had a reasonable excuse for her absence. *Id.* Furthermore, the trial court is not required to grant a continuance when there is a complete lack of diligence. *Southwest Country Enter. v. Lucky Lady Oil Co.,* 991 S.W.2d 490, 493 (Tex.App.-Fort Worth 1999, pet. denied). Texas Rule of Civil Procedure 252 requires the party seeking continuance to show due diligence in procuring material testimony. TEX.R. CIV. P. 252; *See also State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863, 865 (Tex.1988) (party that does not diligently use discovery procedures can seldom claim reversible error when the trial court denies a motion for continuance).

In the present case, appellant was represented by counsel for approximately one year, she had notice of the new trial date of May 22, 2001, and the case had been on docket for over 13 months. She does not explain why she failed to exercise due diligence in procuring testimony and evidence that may have resulted in a more favorable division of custody and property. Remanding the case for failure to grant a continuance would improperly reward the lack of diligence at the non-moving party's expense. *Id.* Accordingly, we hold the trial court's denial of a continuance was not without reference to guiding rules and principles and was not an abuse of discretion. *Id.* Appellant's second point of error is overruled.

We affirm.