Affirmed as Modified and Majority and Concurring Opinions filed May 20,
2004









Affirmed as Modified and Majority
and Concurring Opinions filed May 20, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01134-CV

_______________

 

IN THE INTEREST OF D.R.S.

 

_________________________________________________________________________

 

On Appeal from the County Court at Law
No. 1

Brazos County, Texas

Trial Court Cause No. 51662‑CV

_________________________________________________________________________

 

C O N C U R R I N G  
O P I N I O N

 








I
write separately to address the court=s disposition of Simmons=s first point of error in which she
complains that the trial court=s alleged error in issuing a temporary restraining order and
a temporary order appointing the Lees temporary sole managing conservators
during the pendency of the suit allegedly prejudiced her attempt to be
appointed sole managing conservator.  As
the majority correctly points out, temporary orders are not subject to interlocutory
appeal.  See Tex. Fam. Code ' 105.001(e) (stating no interlocutory
appeals may be taken from temporary orders); Lesikar v. Rappeport, 899
S.W.2d 654, 655 (Tex. 1995) (stating no interlocutory appeals may be taken from
temporary restraining orders). 
Furthermore, because these temporary orders are no longer in effect,
ordinarily this court would be incapable of granting relief, and Simmons=s first point would be moot.  See Speed v. Keys, 109 S.W.2d 967, 967
(1937) (temporary restraining order which expired by its own terms rendered
appeal therefrom moot); Hermann Hosp. v. Tran, 730 S.W.2d 56, 57 (Tex.
App.CHouston [14th Dist.] 1987, no writ)
(all issues on appeal regarding temporary restraining order were rendered moot
by expiration of the order). The issue then arises as to whether the
collateral-consequences exception to the mootness doctrine applies.  

Texas
courts have recognized the collateral-consequences exception and have
applied  it  when Aprejudicial events have occurred >whose effects will continue to
stigmatize helpless or hated individuals long after the unconstitutional
judgment had ceased to operate.=@ 
General Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 571
(Tex.1990) (quoting Spring Branch I.S.D. v. Reynolds, 764 S.W.2d 16, 18
(Tex. App.CHouston [1st Dist.] 1988, no
writ)).  Recognizing the limited nature
of this exception to the mootness doctrine, Texas courts have invoked it in
very limited circumstances.  See,
e.g., State v. Lodge, 608 S.W.2d 910, 912 (Tex. 1980) (concluding
collateral‑consequences exception applies to involuntary commitment to a
mental hospital); Carrillo v. State, 480 S.W.2d 612, 617 (Tex. 1972)
(applying collateral‑consequences exception to adjudication as a juvenile
delinquent because this type of adjudication was found to have Adeleterious collateral effects and
legal consequences@); In re Cummings, 13 S.W.3d 472, 475 (Tex. App.CCorpus Christi 2000, no pet.)
(applying collateral‑consequences exception to protective order because
being the subject of such an order carries a stigma and legal repercussions). 








Although
the majority correctly notes that Simmons has not cited any cases applying the
collateral-consequences exception in a child-custody context, the Thirteenth
Court of Appeals recently addressed the issue and declined to apply the exception
in this context.  See Ngo v. Ngo, C S.W.3d C, C 2003 WL 21982208, at *2 (Tex. App.CCorpus Christi Aug. 21, 2003, no
pet.).  The Ngo court reasoned
that a custody order is not like one for involuntary commitment or juvenile
delinquency, which may stigmatize if not addressed by appeal, and that because
the case presented neither helpless nor hated individuals facing some stigma,
such as one wrongfully convicted of a crime, the collateral‑consequences
exception was not applicable.  See Ngo,
C S.W.3d at C, 2003 WL 21982208, at *2.  The same logic applies here. 

Though
the court reaches the right result in this case, the majority incorrectly
includes in its mootness analysis a discussion of whether the record shows that
the alleged error in granting these temporary orders harmed Simmons=s ability to obtain an order
appointing her as sole managing conservator. 
That issue has no place in the analysis because in determining whether
an issue is moot, a court should not rule on the merits.  See Ngo, C S.W.3d at C, 2003 WL 21982208, at *3.  Nonetheless, it is correct that, even if
Simmons=s first point were not moot, she
would not prevail because the record does not show that the alleged error in
granting the temporary orders probably caused the rendition of an improper
judgment.  See Tex. R. App. P. 44.1(a).  

For
these reasons, I respectfully concur in the judgment as to Simmons=s first point. I join the majority
opinion as to its analysis of the remaining points.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered
and Majority and Concurring Opinions filed May 20, 2004.

Panel consists of
Justices Edelman, Frost, and Seymore. 
(Edelman, J., majority.)