

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00078-CV

IN THE INTEREST OF B.C., A CHILD

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 81,655-D, Honorable Don R. Emerson, Presiding

August 1, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, J.G., appeals the trial court's termination of his parental rights to his child, B.C.[1]  Through three issues, J.G. argues the trial court abused its discretion in denying his motion for continuance and asserts the evidence was insufficient to support the court's finding under Family Code section 161.001(1)(N) or its finding that termination of his parental rights was in B.C.'s best interests.  We will affirm.

---

[1] The trial court also terminated the parental rights of B.C.'s mother, based on her voluntary relinquishment, filed with the court on December 17, 2012.  She is not a party to this appeal.

Background

B.C. was born December 31, 2011. That day, the Department received a report concerning the ability of B.C.'s mother to care for him. On January 4, 2012, B.C. was removed from his mother's care. B.C. was never in the care of his father, J.G.[2]

In December 2012, the trial court held a final hearing concerning termination of J.G.'s parental rights to B.C. J.G. did not appear but his counsel made an oral motion for continuance that the court denied. At the end of the trial, J.G.'s rights were terminated and the trial court signed the order on January 18, 2013. On February 5, J.G. filed a motion for new trial, in which counsel asserted J.G. had not received notice of the December final hearing as he had moved from the address where counsel sent the notice. J.G. appeared at the hearing on the motion for new trial. The court granted the new trial and set a new final hearing date of February 21. J.G. was not present at the February 21 final hearing.

Counsel again made an oral motion for continuance. She noted there were still four months left before the case would be dismissed and she could "possibly get [J.G. to court] at some point." The court denied the motion for continuance and, without objection, took judicial notice of "all testimony at the prior trial." No new evidence was taken and the court terminated J.G.'s parental rights to B.C. The court found grounds under Family Code § 161.001(1)(N) and (0) applicable to J.G. and found termination was in B.C.'s best interests. *See* Tex. Fam. Code Ann. § 161.001(1)(N), (0), (2) (West 2012). J.G. now appeals.

---

[2] A paternity test confirmed J.G. is the father of B.C. The results of the paternity test were filed with the trial court in September 2012.

Analysis

J.G.'s Motion for Continuance

In his first issue, J.G. asserts the trial court abused its discretion in denying his counsel's oral motion for continuance.

As noted, J.G. did not appear personally for the final hearing, although he had appeared a week earlier for the new trial hearing. His counsel appeared on his behalf. In support of her oral motion for continuance, counsel reported J.G. had difficulty attending hearings because he was "out in the country" and unable to "get a ride." Counsel was unable to tell the court when her client would be able to appear. The trial court found J.G.'s actions indicated a lack of interest in the proceedings concerning B.C.

The trial court did not abuse its discretion in refusing to grant the continuance. J.G. did not file a written motion for continuance supported by affidavit as required by Rule 251. Tex. R. Civ. P. 251; *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex. 1986) (noting presumption court does not abuse discretion by denying motion not supported by affidavit). Additionally, the mere absence of a party does not entitle him to a continuance; the party must show a reasonable excuse for his absence. *Ngo v. Ngo,* 133 S.W.3d 688, 693 (Tex.App.—Corpus Christi 2003, no pet.); *Vickery v. Vickery,* No. 01-94-01004-CV, 1997 Tex.App. LEXIS 6275 (Tex.App.—Houston [1st Dist.] Dec. 4, 1997, pet. denied) (mem. op.). The trial court acted within its discretion to find counsel's report of J.G.'s reason for his absence did not reflect a reasonable excuse, particularly since J.G. was present the week prior. We resolve J.G.'s first issue against him.

Sufficiency of Evidence to Support Termination of Parental Rights

In J.G.'s second and third issues, he contends the evidence was insufficient to support the trial court's order terminating his parental rights to B.C.

Standard of Review

In a case to terminate parental rights brought by the Department under Family Code § 161.001, the Department must establish, by clear and convincing evidence, that (1) the parent committed one or more of the enumerated acts or omissions justifying termination and (2) termination is in the best interest of the child. Tex. Fam. Code Ann. § 161.001 (West 2012); *In re C.H.,* 89 S.W.3d 17, 23 (Tex. 2002). "Clear and convincing evidence" is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Tex. Fam. Code Ann. § 101.007 (West 2008); *In re J.F.C.,* 96 S.W.3d 256, 264 (Tex. 2002); *see also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985) (holding that, because termination of parental rights is complete, final, irrevocable and divests for all time the natural right of a parent, the evidence in support of termination must be clear and convincing before a court may involuntarily terminate a parent's rights) (*citing Santosky v. Kramer,* 455 U.S. 745, 747-48, 102 S. Ct. 1388, 1391-92, 71 L. Ed. 2d 599 (1982)).

In conducting a legal sufficiency review in a parental rights termination case under § 161.001, we view all the evidence in the light most favorable to the finding to determine whether the fact finder could reasonably have formed a firm belief or conviction about the truth of the matter on which the Department bore the burden of proof. *In re J.P.B.,* 180 S.W.3d 570, 573 (Tex. 2005) (per curiam); *In re J.F.C.*, 96

S.W.3d at 266. We "must consider all of the evidence, not just that which favors the verdict." *In re J.P.B.,* 180 S.W.3d at 573; *In re J.F.C.,* 96 S.W.3d at 266. We "must assume that the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so," and we "should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *In re J.P.B.,* 180 S.W.3d at 573; *In re J.F.C.,* 96 S.W.3d at 266.

"[T]ermination findings must be upheld against a factual sufficiency challenge if the evidence is such that a reasonable jury could form a firm belief or conviction that grounds exist for termination under Texas Family Code sections 161.001 and 161.206(a)." *In re C.H.,* 89 S.W.3d at 18-19. To reverse a case on insufficiency grounds, "the reviewing court must detail the evidence relevant to the issue of parental termination and clearly state why the evidence is insufficient to support a termination finding by clear and convincing evidence." *Id.* at 19. The Supreme Court has emphasized that, in applying the "clear and convincing" evidence standard, the appellate courts "must maintain the respective constitutional roles of juries and appellate courts." *Id.* at 26. In that regard, "[a]n appellate court's review must not be so rigorous that the only fact findings that could withstand review are those established beyond a reasonable doubt. . . . While parental rights are of constitutional magnitude, they are not absolute. Just as it is imperative for courts to recognize the constitutional underpinnings of the parent-child relationship, it is also essential that emotional and physical interests of the child not be sacrificed merely to preserve that right." *Id.*

The Department must establish both elements—that the parent committed one of the acts or omissions enumerated in § 161.001(1) and that termination is in the best

interest of the child. *See* Tex. Fam. Code Ann. § 161.001; *In re C.H.,* 89 S.W.3d at 23. Termination may not be based solely on the best interest of the child as determined by the trier of fact. *Tex. Dep't of Human Servs. v. Boyd,* 727 S.W.2d 531, 533 (Tex. 1987). However, "[o]nly one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re A.V.,* 113 S.W.3d 355, 362 (Tex. 2003). Thus, if multiple predicate grounds are found by the trial court, we will affirm on any one ground because only one is necessary for termination of parental rights. *In re D.S.,* 333 S.W.3d 379, 388 (Tex.App.—Amarillo 2011, no pet.); *In re S.N.,* 272 S.W.3d 45, 49 (Tex.App.—Waco 2008, no pet.).

Grounds

Section 161.001(1)(N) of the Family Code provides that the court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department or an authorized agency for not less than six months, and: "(i) the department or authorized agency has made reasonable efforts to return the child to the parent; (ii) the parent has not regularly visited or maintained significant contact with the child; and (iii) the parent has demonstrated an inability to provide the child with a safe environment." Tex. Fam. Code Ann. § 161.001(1)(N).

"Reasonable efforts" to reunite parent and child can be satisfied through the preparation and administration of service plans. *In re D.S.A.,* 113 S.W.3d 567, 570-72

(Tex.App.—Amarillo 2003, no pet.); *In re K.M.B.,* 91 S.W.3d 18, 25 (Tex.App.—Fort Worth 2002, no pet.). In *D.S.A.,* within several days of the father's release from prison, a case worker spoke with him about a plan of service and visitation and twice arranged meetings with him that he failed to attend. *In re D.S.A.,* 113 S.W.3d at 570. He failed to attend any of the appointments and classes arranged for him in the service plan and did not exercise any visitation rights. *Id.* at 570-71. We held the Department's activities were sufficient to meet the requirement of reasonable efforts to return the child. *Id.* at 572. Similarly, in *K.M.B.,* the Department demonstrated that it had prepared several service plans designed to facilitate returning the child to the parent, but that the parent never completed any of them. These were held reasonable efforts by the Department. *In re K.M.B.,* 91 S.W.3d at 25.

A factfinder may consider several factors in finding evidence demonstrated a parent's inability to provide the child with a safe environment, including the parent's participation or lack thereof in services, lack of steady housing and employment, and missed opportunities for counseling and a psychological evaluation. *M.C. v. Tex. Dep't of Family and Protective Servs.,* 300 S.W.3d 305, 310 (Tex.App.—El Paso 2009, no pet.); *In re J.J.O.,* 131 S.W.3d 618, 630 (Tex.App.—Fort Worth 2004, no pet.).

Here, a caseworker testified she explained to J.G. the terms of his service plan.[3] She met with J.G. five times over the course of the case. She testified she believed that while he was a "little lower functioning," he understood the terms of his service plan. However, he never completed any of the services set forth in the plan, visited B.C. only three times during the course of the case and stopped visiting B.C. a year prior to the

---

[3] The caseworker noted two plans were given to J.G. but the plans were identical.

trial, failed to provide stable housing as he was in and out of prison and moved several times, failed to maintain stable employment and failed to keep in regular contact with the Department. The record also indicates J.G. has a history of drug abuse and frequently resides with his mother who also has a history of drug abuse and a significant history with the Department.

Viewing all the evidence in the light most favorable to the termination judgment and disregarding all contrary evidence that a reasonable factfinder could disregard, we find the evidence supports the trial court's termination of J.G.'s parental rights to B.C. pursuant to section 161.001(1)(N) of the Family Code. We also find the evidence supports the trial court's order when the evidence is viewed in a neutral light and considering all contravening evidence.[4] We resolve J.G.'s second issue against him.

Best Interests

There is a strong presumption that the best interest of the child will be served by preserving the parent-child relationship. *In re R.R.,* 209 S.W.3d 112, 116 (Tex. 2006) (per curiam). Prompt and permanent placement of the child in a safe environment is also presumed to be in the child's best interest. Tex. Fam. Code Ann. § 263.307(a) (West 2008). Among others, the following factors should be considered in evaluating the parent's willingness and ability to provide the child with a safe environment: the child's age and physical and mental vulnerabilities; the frequency and nature of out-of-home placements; the willingness and ability of the child's family to seek out, accept,

---

[4] Because only one predicate ground is necessary for termination of parental rights, we do not address the sufficiency of the evidence relating to Family Code section 161.001(1)(0). *In re D.S.,* 333 S.W.3d at 388.

and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision; and whether an adequate social support system consisting of an extended family and friends is available to the child. Tex. Fam. Code Ann. § 263.307(b); *In re R.R.,* 209 S.W.3d at 116.

The Texas Supreme Court has set out additional factors that courts may consider when determining the best interest of the child, including: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individual seeking custody; (5) the programs available to assist the individual to promote the best interest of the child; (6) the plans for the child by the individual or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams,* 544 S.W.2d 367, 371-72 (Tex. 1976). This is not an exhaustive list, and a court need not have evidence on every element listed in order to make a valid finding as to the child's best interest, especially when there is undisputed evidence that the parental relationship endangered the child. *In re C.H.,* 89 S.W.3d at 27.

The evidence supporting the statutory grounds for termination may also be used to support a finding that the best interest of the child warrants termination of the parent-child relationship. *Id.* at 28; *In re N.R.T.,* 338 S.W.3d 667, 677 (Tex.App.—Amarillo 2011, no pet.). Furthermore, the best interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as the direct evidence. *In re N.R.T.*, 338 S.W.3d at 677.

The caseworker testified that, at the time of trial, B.C. was placed in a foster home with two of his siblings. She stated B.C., who was nearly a year old, was "thriving" in his foster home, was working on developmental issues, had been pulling up and crawling, and was "a very happy child." She explained that "[o]verall he is healthy" but requires oral steroids for a medical condition.

The trial court's best interest finding is supported by the evidence of J.G.'s: (1) lack of bond with B.C.; (2) failure to visit the child for almost a year; (3) failure to comply with his service plan in any way; (4) failure to maintain stable housing and employment; (5) drug use; and (6) lack of plans for B.C. Additionally, the evidence shows that B.C. is thriving in his foster home where all of his needs are being met and where two of his siblings reside. His foster parents expressed a desire to adopt him in the near future. The caseworker recommended J.G.'s parental rights to B.C. be terminated.

We find the evidence supports the trial court's finding that termination of J.G.'s parental rights to B.C. is in the child's best interests, and overrule J.G.'s third issue.

Conclusion

Having overruled each of J.G.'s issues, we affirm the trial court's order terminating his parental rights to B.C.


James T. Campbell
Justice