

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00293-CV

**IN THE INTEREST OF N.J.D.,** a Child

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. FL-11-356
Honorable M. Rex Emerson, Judge Presiding

PER CURIAM

Sitting:    Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  February 12, 2014

DISMISSED AS MOOT

Appellants, the parents of N.J.D., seek to appeal the trial court's "Final Order in Suit Affecting the Parent-Child Relationship" signed on April 25, 2013, which awarded permanent managing conservatorship of then 17-year-old N.J.D. to the Department of Family and Protective Services, and denied them possessory conservatorship but did not terminate their parental rights. *See* TEX. FAM. CODE ANN. § 263.404 (West 2008).  Appellee Department of Family and Protective Services filed a motion to dismiss the appeal for mootness, asserting that because N.J.D. has since turned 18 years old, and is thus no longer a "child" under the Family Code, there is no longer a justiciable controversy.  *See* TEX. FAM. CODE ANN. § 101.003 (West 2008) (defining a "child" as a person under 18 years of age who is not married and has not had the disabilities of minority removed); *id.* § 263.404(a) (authorizing the court to render a final order appointing the department

as managing conservator of a "child" without terminating the parents' rights upon certain findings as to the child's best interests). A controversy must exist between the parties at every stage of the legal proceedings, including appeal. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *see Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam) (appellate courts have no jurisdiction to issue advisory opinions when there ceases to be a live controversy between the parties); *see also In re E.H.*, No. 02-07-00343-CV, 2008 WL 2404490, at *1 (Tex. App.—Fort Worth June 12, 2008, no pet.) (mem. op.); *Ngo v. Ngo*, 133 S.W.3d 688, 691-92 (Tex. App.—Corpus Christi 2003, no pet.).

Appellants concede that N.J.D. is now 18 years old but assert their appeal is not moot because N.J.D. is in extended foster care and is thus under the extended jurisdiction of the trial court pursuant to section 263.602 of the Family Code. *See* TEX. FAM. CODE ANN. § 263.602 (West Supp. 2013). That provision extends the trial court's jurisdiction over a "young adult" who is between 18 and 21 years of age who was in the conservatorship of the Department on the day before his 18th birthday and who resides in foster care or receives transitional living services from the Department after his 18th birthday. *Id.*; *see id.* § 263.601(4) (West Supp. 2013) (defining "young adult").

The record filed in this court shows that N.J.D. is no longer subject to the Department's conservatorship. The supplemental clerk's record contains an order signed by the trial court after N.J.D. turned 18 years old which dismisses the Department as managing conservator of N.J.D., finds that N.J.D. is a "young adult" remaining in extended foster care, and confirms that the trial court's jurisdiction over N.J.D. is thus extended pursuant to section 263.602(a). TEX. FAM. CODE ANN. § 263.602(a). Because the record shows that N.J.D. is no longer a "child" within the meaning of the Family Code and the Department no longer has conservatorship of N.J.D., an appeal of the April 25, 2013 order awarding conservatorship to the Department is moot. *See In re E.H.*, 2008

WL 2404490, at *1 (dismissing appeal as moot because child who was the subject of order awarding Department permanent managing conservatorship had turned 18 years old); *Ngo*, 133 S.W.3d at 691-92 (divided custody issue was moot because the only child awarded to appellee had reached the age of 18, and no exceptions applied). The "Statement of Points on Appeal" filed by appellants confirms that the issues intended to be raised on appeal all stem from actions taken by the Department and court proceedings leading up to the April 25, 2013 order granting the Department managing conservatorship over N.J.D. before he turned 18 years old. Accordingly, we conclude the Department's motion to dismiss the appeal as moot should be granted.

This appeal was previously abated to the trial court for a determination of appellants' claim of indigence. Therefore, it is ORDERED that the appeal is REINSTATED on the docket of this court. Based on the foregoing reasons, the Department's motion to dismiss the appeal as moot is GRANTED, and the appeal is DISMISSED AS MOOT. The appellants' appeal of the trial court's findings that they are not indigent, and that their appeal is frivolous, need not be addressed as that issue is rendered moot by the dismissal of the appeal. All pending motions filed by appellants are likewise denied as moot.

PER CURIAM