

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00027-CV

In re **THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,**
Relator

Original Proceeding[1]

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: July 19, 2023

PETITION FOR WRIT OF MANDAMUS DISMISSED AS MOOT

On January 12, 2023, the Texas Department of Family and Protective Services filed a petition for a writ of mandamus complaining of two orders—a tutoring order and a deposition order—both of which are directly related to its former role as managing conservator of M.S.V.L.[2] The mandamus record shows that when the Department filed its mandamus petition, M.S.V.L. was seventeen years old. However, after the mandamus petition was filed, M.S.V.L. turned eighteen years old and became an adult.

---

[1]This proceeding arises out of Cause No. 2020-PA-02106, styled *In re M.S.V.L.*, filed in the 408th Judicial District Court, Bexar County, Texas.

[2]The challenged orders were rendered at a permanency hearing held after a final order appointing the Department managing conservator. *See* TEX. FAM. CODE § 263.501(a) (requiring the trial court to hold periodic permanency hearings until the Department is no longer the child's managing conservator).

"A controversy must exist between the parties at every stage of the legal proceedings, including appeal." *In re N.J.D.*, No. 04-13-00293-CV, 2014 WL 555915, at *1 (Tex. App.—San Antonio Feb. 12, 2014, pet. denied). "When a child turns eighteen years old, issues of conservatorship become moot." *In re J.D.*, No 04-19-00239-CV, 2020 WL 4607015, at *1 (Tex. App.—San Antonio Aug. 12, 2020, no pet.); *see Overturf v. Garcia*, No. 03-18-00777-CV, 2019 WL 6646690, at *1 (Tex. App.—Austin Dec. 6, 2019, no pet.) ("[B]ecause [the child] recently reached the age of majority, there is no longer a live controversy, rendering [the] appeal moot.").

We may only decide issues presenting a live controversy at the time of decision. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 166-67 (Tex. 2012) ("[C]ourts have an obligation to take into account intervening events that may render a lawsuit moot."). Therefore, we ordered the Department to show cause why the issues presented in its mandamus petition are not moot. The Department filed a response acknowledging that M.S.V.L. has reached the age of majority and has exited extended foster care. Nevertheless, the Department asserts that the issues presented in this proceeding are not moot. Alternatively, it asserts that even if the issues presented in this proceeding are moot, one of the exceptions to the mootness doctrine applies. We disagree. The issues presented in this proceeding are directly related to the Department's managing conservatorship of M.S.L.V., which ended when she turned eighteen and became an adult. Furthermore, the issues presented in this proceeding do not fall under any of the exceptions to the mootness doctrine. *See Ngo v. Ngo*, 133 S.W.3d 688, 692 (Tex. App.—Corpus Christi 2003, no pet.) (holding the exceptions to the mootness doctrine generally do not apply to conservatorship issues).

We conclude that because M.S.V.L. recently reached the age of majority, there is no longer a live controversy, and the issues presented in this proceeding are moot. Therefore, the Department's mandamus petition is dismissed as moot. *See In re N.J.D.*, 2014 WL 555915, at *1 (dismissing appeal as moot because when the child under the Department's managing conservatorship turned 18 all

conservatorship issues became moot); *K.E.M. v. Texas Dep't of Family and Protective Servs.*, No. 03-14-00753-CV, 2015 WL 1143016, at *1 (Tex. App.—Austin March 11, 2015, no pet.) (granting the Department's motion to dismiss the appeal as moot because the child had turned eighteen and was no longer a "child" under the family code); *In re E.H.*, No. 2-07-343-CV, 2008 WL 2404490, at *1 (Tex. App.—Fort Worth June 12, 2008, no pet.) (dismissing as moot an appeal from an order appointing the Department permanent managing conservator because the child had turned eighteen).

PER CURIAM